THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALEXANDER MANGINI, Defendant.

City Magistrate's Court of New York, Borough of Queens, Traffic Court, October 1, 1948.

*Joseph Lonardo* for defendant.

No appearance for plaintiff.

McKEAN, M. The defendant was charged with driving an automobile at fifty-two miles per hour along the Grand Central Parkway in the borough of Queens, city of New York. The admissible rate of the speed on the parkway is thirty-five miles per hour. It is alleged that this is a violation of section 60 of the Traffic Regulations of the City of New York.

The only witness in the case was a police officer, who testified in substance that he was on a bridge over the parkway and he noticed a motor vehicle traveling at a fast rate of speed, that he entered the parkway, paced the defendant for a distance of " approximately " a quarter of a mile but " it could be more or less," and that he timed this automobile at fifty-two miles per hour. The People did not prove definitely that the distance traversed by this vehicle, later determined to be that of the defendant, was a quarter of a mile.

Counsel for the defendant moved the court to dismiss on two grounds:

(1) That the People failed to allege in the information and failed to prove that the defendant traveled a quarter of a mile at the alleged excessive speed.

(2) That the People failed to prove a prima facie case against the defendant.

The New York State Law, in part, controlling speed, is as follows:

" § 56. *Speed Limited.* * * * 3. A rate of speed by a motor vehicle or motor cycle on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful." (Vehicle and Traffic Law, § 56, as amd. by L. 1946, ch. 861.)

The New York City law, in part, is as follows:

" Section 60. *Speed limits and variations thereof:* The speed limit for driving any vehicle shall be as follows:

" (a) 25 miles per hour, except where signs authorized by proper authority are posted indicating a greater or lesser speed." (Traffic Regulations of City of New York, § 60.)

Thus we see that the State law controlling speed has a yardstick of distance of one quarter of a mile and the city law is silent as to distance.

The argument of the defendant, as this court sees it, as taken from page 8 of his counsel's brief, is as follows: As Vehicle and Traffic Law (§ 56, subd. 3) enacts that speeding consists of speed plus distance, a city's regulation prohibiting a speed regardless of distance is inconsistent with State law, and to sustain validity it must be construed as incorporating the prescribed quarter-mile provision.

The learned counsel for the defendant says that his argument is advanced solely in a case of speeding on a parkway in the city of New York as distinguished from any other highway or street. This court cannot agree because he is attacking the validity of the Traffic Regulations of the City of New York. His arguments are just as applicable to a charge of speeding on Broadway near 42nd Street, in Manhattan, as they are to a charge of speeding on the Grand Central Parkway in Queens.

The State laws controlling speed from 1910 to 1942 consisted of a rule of evidence namely that if a person was traveling at a rate of speed in excess of the rate stated in the State law and for a distance of one quarter of a mile then that was presumptive evidence of dangerous driving. In 1942 the State Legislature made speeding unlawful.

Counsel for the defendant argues that the quarter of a mile provision in the State law is jurisdictional and controlling; that the Traffic Regulations of the City of New York to be valid must be construed as incorporating this yardstick of measurement. This court cannot agree. The State Legislature realizes that there is a different problem in the handling of the traffic problem on the open highway than in the congested streets of the city of New York, a city where eight million people reside.

Chapter 374 of the Laws of 1910, stated (§ 1, enacting Highway Law, § 288): " nothing in this article contained shall impair the validity or effect of any ordinances, regulating the speed of motor vehicles, or of any traffic regulations with regard to the operation of motor vehicles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class ".

This clause has been retained intact (except for the inclusion of the words " motor cycle ") down to the present time.

Let us see if we can glean the intention of the State Legislature from some of the past enactments with reference to speed and space. Chapter 374 of the Laws of 1910 of the State of New York provided: " provided, further, that the local authorities of other cities and incorporated villages may limit by ordinance, rule or regulation the speed of motor vehicles on the public highways, such speed limitation not to be in any case less than one mile in four minutes, and the maintenance of a greater rate of speed for one-eighth of a mile shall be presumptive evidence of driving at a rate of speed which is not careful and prudent ".

Here, I believe, is evidence that the Legislature realized the relation of speed and space. Here it empowered cities to reduce the speed to fifteen miles per hour and stated it would be presumptive evidence of dangerous driving if the space covered was one eighth of a mile.

Counsel for the defendant argues that the police commissioner may make unlawful a slower rate of speed, for example, twenty-five miles per hour, but that he must allow the motorist to travel at a greater rate of speed, for example, fifty miles per hour, for a distance of a quarter of a mile before the motorist commits a criminal offense and just because the State law has a yardstick of a quarter of a mile embodied in it. Such a position is untenable.

Further based upon the Laws of 1910, just quoted above, did not the State Legislature in 1910 place a limitation on the cities quoting speed and space and saying in effect you can limit speed and space in your definition of dangerous driving but do not make the speed less than fifteen miles per hour and the space less than one eighth of a mile? The State law in 1910 had a limitation on space for slower speeds in the cities but where is that limitation today? I fail to find it. The State Legislature obviously intended to abandon that limitation as to space where slower speeds were contemplated.

The State law does not tell us why it has retained the one quarter of a mile yardstick when the law changed in 1942 from a rule of evidence of dangerous driving to a prohibition of speed but a logical assumption can be made and that is this, that on the open highway where high speeds are permitted a motorist can legally pass a vehicle or a group of vehicles traveling at a slower rate, for example, forty-five miles per

hour, by accelerating his speed to sixty miles per hour providing he did not travel more than a quarter of a mile at such a speed. At sixty miles per hour a vehicle travels eighty-eight feet in one second. This one quarter of a mile rule would allow him almost fifteen seconds to accomplish the passing.

In *People* v. *Herman* (174 Misc. 235 [1940]) the learned Magistrate HORN ruled that even a sudden burst of speed in excess of the speed limit was a violation of the Traffic Regulations of the City of New York. However, the State law at that time was a rule of evidence of dangerous driving and did not prohibit speeding as such.

In the case of *People* v. *Sampsell* (248 N. Y. 157 [1928]) the Court of Appeals ruled as valid a city ordinance where such ordinance made it unlawful for anyone who controlled a locomotive to willfully obstruct a railroad street crossing for more than three minutes where the State law contained a limitation of five minutes. This case is analogous.

I rule that section 60 of the Traffic Regulations of the City of New York is not inconsistent with the Vehicle and Traffic Law of the State of New York. (*People* v. *Lewis*, 295 N. Y. 42, 51 [1945].)

I rule further that a motorist who travels at a rate of speed in excess of the legal and posted rate regardless of the distance traversed is guilty of section 60 of the Traffic Regulations of the City of New York when the information charges said motorist with a violation of said section.

Therefore, the motion to dismiss the information on the grounds that the People have failed to allege and prove a violation of section 60 of the Traffic Regulations of the City of New York, and the motion to dismiss on the ground that the People have failed to prove a prima facie case against the defendant are denied with exceptions to the defendant.

The defendant is found guilty and since the defendant has been twice convicted for speeding at prior times within the past eighteen months, his license to drive a motor vehicle is revoked and in addition a fine of $50 or fifteen days is imposed.