The People of the State of New York, Respondent, *v.* Marie H. Love, Appellant.

Argued June 2, 1953; decided July 14, 1953.

*Paul T. Love* for appellant. I. The information does not set forth facts constituting the alleged offense. (*People* v. *Levin,* 203 Misc. 480; *People* v. *Skolnick,* 200 Misc. 389, 303 N. Y. 630; *Tenement House Dept.* v. *McDevitt,* 215 N. Y. 160; *People* v. *Payne,* 71 Misc. 72; *People* v. *James,* 11 App. Div. 609; *People* v. *Pillion,* 78 Hun 74; *People* v. *Bell,* 31 N. Y. Crim. Rep. 370; *People* v. *Carrie,* 122 Misc. 753; *People* v. *Linden Farms Milk & Cream Co.,* 244 App. Div. 830.) II. The motion to dismiss on the ground that the People failed to establish a prima facie case should have been granted. (*People* v. *Smith,* 299 N. Y. 707.) III. Appellant was denied due process of law. (*Matter of Ryers,* 10 Hun 93, 72 N. Y. 1; *Matter of Fuller,* 62 App. Div. 428; *Sharkey* v. *Thurston,* 268 N. Y. 123.)

*Miles F. McDonald, District Attorney (David Diamond* of counsel), for respondent. I. The complaint sets forth sufficient facts to constitute the offense of speeding. (*People* v. *Zielinski,* 247 App. Div. 573; *Dedieu* v. *People,* 22 N. Y. 178; *People* v. *Miller,* 143 App. Div. 251, 202 N. Y. 618; *People* v. *Wiechers,* 179 N. Y. 459.) II. The People made out a prima facie case. (*Angueira* v. *Brooklyn & Queens Tr. Corp.,* 263 App. Div. 43; *Tamburrino* v. *Sterrick Delivery Corp.,* 241 App. Div. 221; *Matter of Calfapietra* v. *Walsh,* 183 Misc. 6.) III. Defendant was accorded a fair and impartial trial.

VAN VOORHIS, J. Appellant has been convicted in Brooklyn Traffic Court of speeding and sentenced to pay a $25 fine, or, in default of payment, to be imprisoned for not to exceed ten days. The fine was paid. The complaint lodged against appellant reads as follows:

"Edwin Leahy being duly sworn says that he 8771 is a Police Officer of the City of New York, assigned to the Mcy 2 Police Precinct. That on May 6, 1952, at about 11.25 A.M. the defendant Marie Love did operate a vehicle on Belt P'kway a public highway in the County of Kings, City and State of New York from E. 14 St. to W. 2 St. at a greater rate of speed than

*Check Square Showing Violation*
*If posted rate, fill in rate*

Subd.

[ ]—25 miles per hour, and no signs authorized by proper authority were posted at said location indicating a greater speed, (subdivision)    *a*

[ ]—10 miles per hour when turning a corner, (subdivision) .........................    *b*

[X]—35 miles per hour, the rate duly posted on signs, (subdivision) .....................    *a*

the defendant having driven at the rate of 60 miles per hour in violation of Article 4, Section 60 of the Traffic Regulations adopted by the Traffic Commissioner of the City of New York."

The conviction of this traffic infraction is sought to be reversed upon two grounds. The first is that section 60 of the Traffic Regulations does not limit motorists to any particular speed, if signs are posted along the street or roadway indicating that a greater speed is permitted. In order to prove a prima facie case, it is argued, the People must introduce affirmative evidence that signs were not posted permitting a greater speed. No evidence appears in this record that any signs were posted along Belt Parkway, nor that any particular maximum speed was indicated thereon. For this reason, appellant moved to dismiss at the close of the People's case, upon the ground that the provision in the Traffic Regulations nullifying the speed limit of twenty-five miles per hour where a different speed is posted, contains a true exception which must be negatived by the People, both by pleading and proof, citing *People* v. *Smith* (299 N. Y. 707). The court thereupon said:

"I am not familiar with the location of the signs, but the Court takes judicial notice that the speed on Belt Parkway between East 14th and West 2nd Street, is thirty-five miles an hour and that signs are posted along that Parkway by the Commissioner of Parks of the City of New York.

"Defendant's Counsel: Exception."

Regardless of whether the court could have taken judicial notice of these signs, in no event was any reversible error committed in view of subdivision c of section 53 of the Rules and Regulations of the Department of Parks, applicable to Southern Parkway (of which Belt Parkway is a portion), which states: "*Rate of Speed.* No person operating, driving or propelling any vehicle shall proceed at a greater than maximum or less than minimum speed indicated by signs; but in no case shall such maximum speed exceed thirty-five miles per hour." Thus, even if no signs had been posted along this thoroughfare, the maximum rate of speed could not have been in excess of thirty-five miles per hour. No signs could have been erected there permitting a greater speed than thirty-five miles per hour. The Magistrate was required to take judicial notice of this regulation by subdivision a of section 982–8.0 of the Administrative Code of the City of New York. This regulation had the force of law, and appellant is presumed to have known that this law prohibited signs from being erected permitting greater speed in this location.

In order to escape from the inevitable conclusion that the speed limit was thirty-five miles per hour, signs or no signs, appellant makes the other point that section 60 of article 4 of the Traffic Regulations was inapplicable to this parkway, and that she should have been charged directly with violation of subdivision c of section 53 of the Rules and Regulations of the Department of Parks, above set forth. The Traffic Department's Regulations are rendered applicable by section 1063 of the New York City Charter to the "streets, squares and avenues in the city" (subd. [a]). This incident occurred on a parkway. The power to make traffic regulations for parkways has been delegated to the Commissioner of Parks (New York City Charter, ch. 21, §§ 532, 534). Nevertheless, section 54 of the Rules and Regulations of the Department of Parks incorporates the traffic rules and regula-

tions of the Department of Traffic, including section 60 of article 4, which appellant was charged with having violated. Section 54 states: " The State Vehicle and Traffic Law and the Traffic Rules and Regulations of the Department of Traffic pursuant to Chapter 46, Section 3.a of the New York City Charter are hereby established as rules and regulations of the Commissioner and shall be in effect in all parks and park streets with like effect as though set forth herein in full, and the traffic rules and regulations set forth herein are in addition to and supplement the same."

Appellant cannot have been prejudiced by the reference in the complaint to section 60 of article 4 of the Traffic Regulations. Although a traffic infraction, with which appellant was charged, is a minor offense, below the grade of misdemeanors, such as " have always constituted in our law a class by themselves " (*Matter of Cooley* v. *Wilder,* 234 App. Div. 256, 259, citing *Tenement House Dept.* v. *McDevitt,* 215 N. Y. 160, 168), even the requisites of an information or indictment are merely that it shall state the offense and the act constituting the offense (*People* v. *Grogan,* 260 N. Y. 138, 142). It has been held that where an information charges violation of the wrong section of a statute, this may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation, and if the acts charged are clearly referable to the offense of which the defendant has been convicted (*People* v. *Adler,* 174 App. Div. 301, 303, 304; *People* v. *Stepski,* 174 Misc. 1080). All that is necessary is that the information shall state the crime charged with such accuracy that the defendant may know the offense which it is claimed he has committed (*People* v. *Olmsted,* 74 Hun 323). However awkwardly an information may be drawn, if it charges an offense known to the law and states acts done by the accused that constitute it, that will be sufficient (*People* v. *Pillion,* 78 Hun 74).

The complaint in this case charges appellant with having exceeded thirty-five miles per hour by driving on Belt Parkway in the county of Kings at the rate of sixty miles per hour, in violation of section 60 of article 4 of the Traffic Regulations adopted by the Traffic Commissioner of the City of New York.

There can be no doubt that the acts constituting the offense are stated with sufficient particularity. Moreover, section 60 of article 4 of the Traffic Regulations has been, as previously stated, included by the Commissioner of Parks among the rules and regulations governing traffic on this parkway. Under the regulations of the Traffic Department, a motorist shall not exceed twenty-five miles per hour, unless signs are posted indicating a greater speed. The Park Department's regulations merely provide that in no case shall the maximum speed indicated by signs on this thoroughfare exceed thirty-five miles per hour. Appellant could not have been misled by the failure of the complaint to refer specifically to the regulations of the Department of Parks, inasmuch as she was charged specifically with exceeding '' 35 miles per hour, the rate duly posted on signs ''. She cannot escape conviction on the ground that evidence is lacking concerning what rate was posted upon signs, inasmuch as an applicable regulation, having the force of law, required that the maximum speed should be the same as that which she was charged with violating. No signs could legally have been erected indicating a greater speed than this, and the presumption of regularity of official acts warrants the conclusion that no signs were posted permitting a greater speed than this regulation allowed.

Appellant was, in truth, convicted of violating section 60 of article 4, which is specified in the complaint against her, as supplemented by the regulation of the Department of Parks. Regardless of whether the court could take judicial notice of particular signs along the thoroughfare, it could and was required to take judicial notice, under subdivision a of section 982–8.0 of the Administrative Code, of the Park Department regulation that no greater speed than thirty-five miles per hour was permitted. Even if it could be said that it was the Park Department regulation which appellant was convicted of violating, no prejudice could have resulted inasmuch as the factors constituting this traffic infraction were the same whichever set of regulations applies. Consequently appellant could not have been prejudiced nor misled by the reference in the complaint to section 60 of the Traffic Regulations, instead of to subdivision c of section 53 of the Rules and Regulations of the Department of

Parks. The latter provision merely prescribed the maximum rate of speed to be posted on the signs referred to in section 60 of the Traffic Regulations. There was ample to enable appellant to prepare for trial, to prevent her from again being tried for the same offense and to indicate what the charge was (*People v. Schultz,* 301 N. Y. 495; *People v. Zambounis,* 251 N. Y. 94; *People v. Grogan,* 260 N. Y. 138). This would be true under the higher standard required in the case of an information charging a misdemeanor, although this was not a misdemeanor. A " complaint in the Magistrates' Court charging disorderly conduct ", a similar grade of offense to a traffic infraction, " need not state the name of the crime, the ' particular offense,' with the exactness required of an indictment or an information " (*People v. Hipple,* 263 N. Y. 242, 244; *People v. Grogan, supra*).

Minor defects of this nature in the complaint were waived, in any event, by failure to raise the question at the trial (*People v. Wiechers,* 179 N. Y. 459).

It might have been otherwise if, as held in *People v. Levin* (203 Misc. 480), it were necessary for the People to prove that a defendant has exceeded the speed limit on a parkway for more than one fourth of a mile. In that event, two different kinds of traffic infractions would have been involved, depending upon the establishment of different facts, and it might be considered that a complaint was defective which failed to put the defendant on notice concerning which set of facts was required to be established against him in order to prove him guilty of the offense (*People v. Winston,* 155 App. Div. 907; *People v. Payne,* 71 Misc. 72). The Magistrate in the *Levin* case (*supra*) thought that there is such a difference between the regulations of the Traffic and Park Departments, holding, by analogy with subdivision 3 of section 56 of the State Vehicle and Traffic Law, that the Rules and Regulations of the Department of Parks introduced a distance requirement which is not present in the Traffic Department Regulations. *People v. Mangini* (194 Misc. 615) held that there is no distance requirement on parkways, stating that the State probably retained the quarter of a mile yardstick for the reason that conditions are different upon the open highway from those in cities, where sudden bursts of speed are liable to be dangerous even if quickly moderated. The

*Mangini* case (*supra*) held section 60 of the Traffic Regulations of the City of New York applicable to Grand Central Parkway, in the borough of Queens. It is true that the point decided in *People* v. *Levin* does not appear to have been raised in *People* v. *Mangini*, but it lacks substance in any event. Nothing in the Rules and Regulations of the Department of Parks expressly requires that a motorist shall have exceeded the speed limit for any prescribed distance. Such a requirement was interpolated in the *Levin* case, based upon the reference to the State statute in the language of section 54 of the Rules and Regulations of the Department of Parks which has been quoted above. The Magistrate considered that incorporating both the State Vehicle and Traffic Law and the traffic rules and regulations of the Department of Traffic into the Rules and Regulations of the Department of Parks was inconsistent, and that, therefore, the quarter of a mile yardstick prescribed by the State statute should prevail. Only an abstruse construction of subdivision 3 of section 56 of the Vehicle and Traffic Law could create such an inconsistency. That subdivision applies only to driving motor vehicles upon the open highway where the speed limit is fifty miles an hour, and subdivision 4 [now 5] of section 56 expressly states that the provisions of this section shall not affect " the validity of any order, ordinance, rule or regulation otherwise limiting the rate of speed " lawfully made " by any state or local agency or otherwise pursuant to laws of this state." It could have no effect to read a distance requirement of one fourth of a mile into the regulations of traffic that were adopted by either the Traffic or the Park Departments, and, therefore, it creates no difference in substance between the two.

The complaint fully informed defendant of the offense with which she was being charged.

The judgment should be affirmed.

FROESSEL, J. (dissenting). I dissent. Defendant was charged with violation of section 60 of article 4 of the Traffic Regulations adopted by the Traffic Commissioner of the City of New York for having operated a motor vehicle on Belt Parkway in Kings County, city of New York, at a rate of speed greater than thirty-five miles per hour, the rate duly posted on signs. Section 60 of article 4 of said regulations provides that the speed limit for

driving any vehicle is " (a) 25 miles per hour, except where signs authorized by proper authority are posted indicating a greater or lesser speed ". There is no evidence in this record whether or not any signs were posted along Belt Parkway nor that any particular maximum speed was indicated.

At the close of the People's case, after defendant had made an appropriate motion to dismiss, the Magistrate stated:

" I am not familiar with the location of the signs, but the Court takes judicial notice that the speed on Belt Parkway between East 14th and West 2nd Street, is thirty-five miles an hour and that signs are posted along that Parkway by the Commissioner of Parks of the City of New York.

" Defendant's Counsel: Exception."

Defendant was found guilty and fined $25 or, in default of payment, was given ten days' imprisonment. Of course the Magistrate had no right to take judicial notice that signs are posted indicating a different speed than twenty-five miles per hour. Moreover, it is clear that he found defendant guilty of violating the statute referred to in the complaint. That statute contains an exception which it was the duty of the prosecutor to negative (*People* v. *Smith,* 299 N. Y. 707); since he did not do so, the People failed to prove the allegations of this complaint, and defendant was entitled to an acquittal. No reference whatsoever was made to subdivision c of section 53 of article IV of the rules and regulations, and reliance thereon by the prosecutor on appeal was merely an afterthought (*People* v. *Costello,* 305 N. Y. 63)

The judgment of conviction should be reversed and the information dismissed.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ., concur with VAN VOORHIS, J.; FROESSEL, J., dissents in opinion.

Judgment affirmed.