Alexander Vitale, J.
The defendant was charged with speeding while operating a private ambulance over a road under the jurisdiction of the Long Island State Park Commission. The information alleges a violation of section 243-6A of Ordinance 6 heretofore duly adopted by that agency.
The defendant testified that at the time the violation is said to have occurred, he was responding to an emergency call; specifically to transport a patient to a local hospital. At the close of the case the defendant moved to dismiss the information upon the ground that his vehicle was exempt from the operation of the ordinance by reason of the provisions of section 1104 (subd. [b], par. 3) of the Vehicle and Traffic Law of the State of New York. That statute permits the driver of an authorized emergency vehicle to exceed maximum speed limits, under certain conditions, so long as he does not endanger life or property. The People assert that the defendant however was required to operate his vehicle in conformity with a further section of the park commission ordinance, that is subdivision (g) of section 242.10 which states: ‘ ‘ Licensed ambulances for sick or injured *186 persons shall he permitted to operate over parkways when on emergency service, but subject to all the provisions of these ordinances regulating traffic including limitations of the rate of speed ”.
The defendant’s motion must be denied. Section 1630 of the Vehicle and Traffic Law provides that a regional State parkway commission may by ordinance regulate traffic on any highway under its jurisdiction, including the establishment of maximum speed limits thereon (subd. 5) and the operation of authorized emergency vehicles upon said roads (subd. 6). The Long Island State Park Commission has expressly provided for the very situation herein encountered. Emergency vehicles may use the parkways, as an exception to the class of vehicles to which these highways are generally restricted, but these vehicles must nonetheless obey the maximum speed limits fixed for all users of the highway. The final contention of defendant that the powers contained in said section 1630 of the Vehicle and Traffic Law are unconstitutional as discriminatory legislation cannot be sustained. The powers given to the commission by section 1630 are sufficiently broad to support the provisions of subdivision (g) of sections 242.10 and 243-6A of the ordinances under which the defendant was charged. (People v. Corwin, 304 N. Y. 362.)
I find the defendant guilty beyond a reasonable doubt of the violation set forth in the information. He is directed to appear before me for sentencing on October 9, 1967, at Criminal Part I of this court. All motions as to which decision was reserved upon the trial are denied.