John* Copertino, J.
Defendant was tried for violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law.
The defendant contends that a motorist is permitted to temporarily exceed the speed limit to avoid an accident. Here, defendant maintains that in order to avoid being struck in the rear by a swiftly approaching vehicle (later learned to be that of pursuing police officer) it was necessary for defendant to increase his speed to permit the vehicle to pass when he could not move safely into the righ-hand lane.
The law does not favor sudden bursts of speed.. (See Report of Joint Legis. Comm. on Motor Vehicle Problems, N. Y. Legis. Doc., 1955, No. 36, p. 65; People v. Mangini, 194 Misc. 615.)
It follows, therefore, that where reliance is placed upon an emergency as the justification for exceeding the speed limit, careful scrutiny of the situation should be made. Indeed, one court has gone so far as to hold the driver of a private ambulance responding to an emergency call responsible for exceeding the speed limit on the same parkway system that the defendant in this action was traveling on (People v. Bartlett, 56 Misc 2d 185).
With the foregoing in mind we turn our attention then to the case at bar. This court finds that the defendant was not sufficiently prescient so as to be able to conclude that an accident was the only alternative to exceeding the speed limit. Further, if a motorist ventures the left lane in such manner that he is forced to exceed the speed limit as the only alternative to a collision with a vehicle from the rear, then he should be held accountable for the excess. If there are situations which justify a temporary excess, this is not one of them.
The court at this time wishes to comment on defendant’s contention that testimony with respect to the calibration of the police vehicle speedometer was hearsay and inadmissible. It should be pointed ofit that the officer’s testimony with respect to the calibration of the speedometer in his vehicle was testified to without objection by the defendant and at no time did defendant move to strike the testimony on this point. In any event, however, even if the court disregards evidence of calibration, *211 the law has long since been settled and often reiterated that opinion evidence coupled with a reading from an untested speedometer is sufficient to convict. (People v. Dusing, 5 N Y 2d 126; People v. Magri, 3 N Y 2d 562; People v. Heyser, 2 N Y 2d 390; People v. Olsen, 22 N Y 2d 230.)
The other contentions raised by defendant have been considered and are also found to be without merit.
Accordingly, the defendant is found guilty as charged.