*1017 OPINION OF THE COURT
Sondea K. Pardes, J.
The defendant was originally charged by way of a district court information, filed on January 23, 2008, with violating Penal Law § 240.25 (harassment in the first degree). The defendant is now charged, by way of a superceding prosecutor’s information, filed on January 25, 2008, with violating Penal Law § 120.14 (1) (menacing in the second degree) (count one), and two counts of Penal Law § 265.01 (1) (criminal possession of a weapon in the fourth degree) (counts two and three). (The district court information was dismissed on January 25, 2008 and the counts on the superceding prosecutor’s information were renumbered counts “Two, Three and Four.” The court has referred to the counts in the prosecutor’s information as counts two, three and four notwithstanding the fact that the motion papers refer to counts one, two and three.)
The defendant now moves to dismiss the prosecutor’s information as facially insufficient and jurisdictionally defective and for other omnibus relief. The defendant’s motion is determined as follows.
First and foremost the defendant asserts that this court lacks jurisdiction to hear this case because the defendant was under the age of 16 at the time of the alleged offenses.
The prosecutor’s information presents the following accusatory allegations:
“Count 2: During the period of time from November 2007 and January 16, 2008, the defendant ELVIS G-R., did repeatedly and intentionally engage in a course of conduct which placed the complainant/ victim in reasonable fear of physical injury. On December 5, 2007, the arrestee did threaten to stab the complainant with a silver switch blade knife, and on January 10, 2008, the complainant/victim was walking on the street when approached by the defendant who challenged the complainant/victim to a fight while removing a black folding knife from his waistband, in Freeport, in the County of Nassau, State of New York.
“Count 3: ELVIS G-R., on December 5, 2008 [sic], Freeport, in the County of Nassau, State of New York, did possess a silver switchblade knife.
“Count 4: ELVIS G-R., on January 10, 2008, in Freeport, in the County of Nassau, State of new *1018 York, did possess a black switchblade knife.”
The supporting deposition of the complainant reads as follows:
“I sat with Detective Martin and EO. Zimmor at my house to discuss some of the ongoing problems with a couple of MS-13 members. On December 5 while in School, I was approached by a person who I know to be Elvis ‘Vampire’ of Freeport. He lives at . . . Elvis pulled out a silver switchblade knife and came at me threatening to stab me but one of his friends stopped him. I reported this to the school and the police were called but Elvis ran from the building before the police came. In November 2007, I had a fight with another MS-13 kid named Aldo . . . who kept calling me and my brother Robert different names and started to say [to] him his friends were going to ‘jump’ us so I became afraid. In November I had a fight with Aldo and he called the police and we both got orders of protection against each other. After that I didn’t see Aldo in school anymore. Since Aldo hasn’t been in school, Elvis has be [sic] constantly after me. On January 3, 2008 at about 3 p.m. my brother Robert and I were walking on S. Main Street near La Mia Pizzeria when Aldo and five other MS-13 kids who I don’t know, came up to us and challenged us to a fight. My brother and I attempted to walk away and as I had my back to the group I got jumped from behind and I tried fighting back but I got kicked in the face. My brother got a bloody lip. The next day my school nurse told me to go to the eye doctor but we didn’t because we didn’t have insurance. I didn’t call the police because I thought I would get arrested because of the order of protection. On January 10, 2008 at about 3:30-4:00 p.m. I was walking to Glacken Park. I was at N. Long Beach Avenue and Russell Place. And I was with my brother Robert and Elvis came at me and my brother and said to me ‘You want to Henoy’ [?] meaning do I want to fight. As he was saying this he was pulling out his belt and started to pull out a black folding knife. A couple of cars past [sic] by and a wom[a]n yelled that she was going to call the police so Elvis put the knife away and walked away so I just went home. The [sic] today January 16, I was in school and Elvis told me to go into the *1019 bathroom. In Spanish he said he is going to give me what he always said he was going to do. Elvis always says he is going to stab me so I was afraid for my safety and that he was going to stab me. He had both hands in his jacket and I was afraid and that’s when Dean Schroeder said What’s going on and brought both of us to the office and she called for security to come and told them that she wants both of us checked for knives. They made me take off my shoes and everything. They checked him first but I don’t know if they found anything. I am afraid that Elvis is going to hurt me and I have been told that Elvis and the other MS-13 members both want me because I have an order of protection against Aldo. I want Elvis arrested for threatening to stab me. I also want Aldo arrested for violating the Order of Protection on January 3, 2008 and for having Elvis and other MS-13 members come after me. I am giving this statement to Detective Martin who is writing it for me. This is the truth.”
Defense counsel asserts, without contravention, that the defendant was born on January 11, 1992 and therefore he was 15 years old on December 5, 2007 and January 10, 2008. (The court notes what appears to be a typographical error with respect to count three, which refers to December 5, 2008.) The defendant argues therefore that counts three and four of the prosecutor’s information must be dismissed because the District Court has no jurisdiction over these offenses based on the defendant’s infancy. (See Penal Law § 30.00; CPL 1.20 [42].)
The defendant also moves to dismiss count two on the grounds of the defendant’s infancy arguing that “the only allegation relating to a date after the Defendant turned sixteen is a single incident that would not rise to the level of a crime.” In addition, the defendant asserts that the allegation with respect to the incident that allegedly occurred on January 16, 2008 is insufficient to establish a course of conduct dating back to December 5, 2007. Counsel also argues that the accusations are vague and not sufficiently specific because the allegations fail to give specific times for each incident and that the charges are “duplicitous.”
With respect to counts three and four, the defendant also asserts that the accusatory instrument is facially insufficient because it fails to allege facts of an evidentiary character to establish that the weapons allegedly possessed by the defendant *1020 were “switchblade” knives. Penal Law § 265.00 (4) defines a switchblade knife as “any knife which has a blade which opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife.” Count three alleges that the defendant possessed “a silver switchblade knife” on December 5 (2008[?D and count four alleges that the defendant possessed a black switchblade knife on January 10, 2008. The defendant points out that the complainant’s supporting deposition fails to describe the knife he saw on December 5th except for the conclusory assertion that it was a “silver switchblade.” The complainant’s supporting deposition describes the knife allegedly held by the defendant on January 10, 2008 as a “black folding knife.” Therefore defense counsel argues that the accusatory instruments are fatally defective with respect to the violations of Penal Law § 265.00 (4).
In response to all of the defendant’s assertions, the People assert in conclusory fashion:
“The defendant is charged with Menacing in the Second Degree under Count One [szc] based on his course of conduct that stemmed from November 2007 to January 16, 2008. The defendant’s sixteenth birthday was on January 11, 2008, and thus during this period, the defendant was both fifteen and sixteen years of age. Since this charge is based on acourse of conduct during a period of time during which the defendant did turn sixteen years of age, the defendant’s age does not make the instrument jurisdictionally defective.
“As to Counts Two and Three [szc], the defendant argues that he was fifteen years of age on the two dates of incident. However, these charges are based on a course of conduct during part of which the defendant was sixteen years of age and thus subject to the jurisdiction of First District Court.”
Turning first to the charges contained in counts three and four of the accusatory instrument: Each of these counts allege a violation of Penal Law § 265.01. That statute provides in pertinent part that:
“A person is guilty of criminal possession of a weapon in the fourth degree when:
“(1) He or she possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife [or] metal knuckle knife . . . .”
*1021 The plain language of the statute reveals that the single act of possessing one of the list of numerous weapons is the basis for violation of this statute. Therefore this is not a “continuous course of conduct charge.” The People offer no statutory or case law support for their assertion that these charges are “based on a course of conduct.” It is clear from the papers submitted by the People that they acknowledged that the first incident is actually alleged to have taken place in December 2007 and the second incident on January 10, 2008 and therefore both of the incidents referred to in counts three and four allegedly took place when the defendant was 15 years old. Based on his age at the time of these alleged incidents the defendant cannot be held criminally responsible for these acts (see Penal Law § 30.00). Accordingly the defendant’s motion to dismiss counts three and four of the prosecutor’s information is granted.
With respect to count two of the prosecutor’s information, the defendant is charged with violating Penal Law § 120.14 (1). The defendant accurately points out that this section of the statute is not a “continuing offense.” However, the defendant also acknowledges that the accusatory instrument actually refers to a violation of Penal Law § 120.14 (2) because it recites that “[djuring the period of time from November 2007 and January 16, 2008, the defendant . . . did repeatedly and intentionally engage in a course of conduct which placed the complainant/ victim in reasonable fear of physical injury.” “[W]here an information charges violation of the wrong section of a statute, this may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation” (People v Love, 306 NY 18, 23 [1953]). The defendant argues that notwithstanding the charge of a continuous course of conduct, the information only refers to two specific incidents that occurred on December 5, 2008 [sic] and January 10, 2008, and the defendant was 15 years of age on those dates. Therefore, the defendant asserts that this court lacks jurisdiction with respect to count two, because the defendant was under the age of 16 at the time of the alleged offense. In response, the People maintain that since the alleged conduct took place between November 2007 and January 16, 2008, and since the defendant’s sixteenth birthday occurred on January 11, 2008, the defendant can be held criminally responsible for the behavior that occurred when he was 15 years old. Again, the People offer no statutory or case law support for this bald assertion.
*1022 The defendant in his reply does cite a 2000 case from New York County Supreme Court in which the defendant was found to be criminally responsible for continuous conduct that began when he was 13 years of age and continued until he was 17 years of age (People v Victor J., 187 Misc 2d 749 [2000]). The defendant argues, however, that the instant case is distinguishable from Victor J. In that case the defendant pleaded guilty to continuing criminal conduct toward the same victim over a period of four years, until the defendant reached the age of 17. The court concluded that the court had jurisdiction to determine the defendant’s criminal responsibility for a continuing offense which commenced prior to his sixteenth birthday and continued after the defendant reached majority.
In reaching its decision the court cited the reasoning in two Federal Circuit Court decisions: United States v Cruz (805 F2d 1464, 1477 [11th Cir 1986], cert denied 481 US 1006 [1987]) and United States v Wong (40 F3d 1347, 1365-1366 [2d Cir 1994], cert denied 516 US 870 [1995]). In Cruz the court rejected the argument that the government was required to “bifurcate” the charges of a continuing conspiracy and prosecute the defendant for acts in furtherance of the conspiracy committed prior to his eighteenth birthday in juvenile court and the acts committed after the defendant’s birthday in another court. In Wong the court found that the defendant could be tried for a continued conspiracy under the federal RICO statute even though the first two predicate acts occurred prior to the defendant’s eighteenth birthday and only one act occurred after his eighteenth birthday. The court analogized this to the “contract ‘ratification’ doctrine: ... a defendant may ratify his pre-eighteen participation in a conspiracy by continued participation after attaining majority” ('Wong at 1366 [emphasis added and citations omitted]).
This court finds that the instant case can be distinguished from the cases above. In Victor J. the defendant pleaded guilty to continuing to sexually abuse the victim, over a period of four years well before and well after the defendant reached the age of 16. In Cruz and Wong both defendants continued to act in furtherance of an ongoing conspiracy that began before they each reached the age of majority and continued after they each reached the age of majority.
In the instant case the defendant is accused of possessing a dangerous weapon, and menacing the complainant with same, on two dates when he was 15 years old. The only charge of wrongful conduct after he reached the age of 16 is the allegation *1023 that he told the complainant “to go into the bathroom . . . [and] said he is going to give me what he always said he was going to do.” This allegation with respect to the January 16, 2008 incident could not form the basis for a criminal complaint standing on its own. The accusation is too vague and cryptic to satisfy the requirement that the accusatory instrument “clearly apprise the defendant ... of the conduct which is the subject of the accusation.’-’ (See CPL 200.50 [7] [a]; 100.35.) Therefore, it cannot be said that the alleged behavior of the defendant on January 16, 2008 “ratified” the alleged criminal conduct on December 5, 2007 and January 10, 2008. Based on the above, the court finds that the criminal conduct alleged in count two cannot be characterized as an “ongoing crime,” and the People cannot rely on conduct allegedly committed by the defendant prior to his sixteenth birthday to support a charge of a continuous course of conduct pursuant to Penal Law § 120.14 (2).
Accordingly, the defendant’s motion to dismiss count two of the prosecutor’s information is granted as well and the case is dismissed.
Based on the above the court finds that it need not address the other grounds raised in the defendant’s motion to dismiss, and it is further ordered, that all of the remaining relief requested in the defendant’s motion is denied as moot.