The People of the State of New York, Respondent,
against
Jedidiah M. Bernstein, Appellant.




Jedidiah M. Bernstein, appellant pro se.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from three judgments of the City Court of New Rochelle, Westchester County (Anthony A. Carbone, J.), rendered October 30, 2017. The judgments convicted defendant, after a nonjury trial, of following too closely, unreasonable use of a horn, and failing to yield the right of way to an emergency vehicle, respectively, and imposed sentences.




ORDERED that the judgment convicting defendant of following too closely is affirmed; and it is further,
ORDERED that the judgment convicting defendant of unreasonable use of a horn is reversed, on the facts, the simplified traffic information charging that offense is dismissed, and the fine, if paid, is remitted; and it is further,
ORDERED that so much of the appeal as is from the judgment convicting defendant of failing to yield the right of way to an emergency vehicle is dismissed as abandoned.
Defendant was charged in separate simplified traffic informations with following too closely (Vehicle and Traffic Law § 1129 [a]), unreasonable use of a horn (Vehicle and Traffic Law § 375 [1] [a]), and failing to yield the right of way to an emergency vehicle (Vehicle and Traffic Law § 1144 [a]), respectively. At a nonjury trial, Police Officer Richard Lepore testified that a tow truck, his partner's marked patrol vehicle, and his marked patrol vehicle had cleared an accident scene and, in that order, had begun moving in a line from the right shoulder of the Hutchinson River Parkway road into the right lane of traffic. The officer further testified that when his vehicle was only partially in the right lane and his partner's vehicle "was, for the most part, within the right lane," defendant's vehicle drove "less than one car length" behind his partner's vehicle. Both police vehicles were driving at a speed of less than 20 miles per hour with [*2]their emergency lights flashing and left indicator lights blinking. Defendant was also sounding his horn for two to three seconds. Defendant was convicted of all three charges.
To the extent that defendant's argument on appeal may be construed as a challenge to the legal sufficiency of the evidence to establish his guilt of following too closely (Vehicle and Traffic Law § 1129 [a]), the claim is unpreserved for appellate review, since defendant failed to make any argument to this effect during the trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish defendant's guilt of violating Vehicle and Traffic Law § 1129 (a) (see Matter of Florio v New York State Dept. of Motor Veh., 106 AD3d 905 [2013]). Moreover, upon exercising our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trial court's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict with respect to this charge was not against the weight of the evidence (see Matter of Florio, 106 AD3d at 906).
We find that the verdict convicting defendant of unreasonable use of a horn (Vehicle and Traffic Law § 375 [1] [a]) was against the weight of the evidence. A relatively short, two-to-three-second horn blast, under the particular circumstances presented, was not an unreasonable use of a horn.
In his brief on appeal, defendant raises no contention with respect to the judgment convicting him of the charged offense of failing to yield the right of way to an emergency vehicle (Vehicle and Traffic Law § 1144 [a]). Instead, defendant, an attorney, assumes that he had been charged with, and found guilty of, violating Vehicle and Traffic Law § 1144-a and therefore raises issues only with respect to Vehicle and Traffic Law § 1144-a. There can be no confusion that the simplified traffic information in question charges a violation of Vehicle and Traffic Law § 1144 (a) rather than § 1144-a, notwithstanding that it lists the Vehicle and Traffic Law section having been violated as "1144A," since the simplified traffic information further has written thereon "FLD/YLD RT-OF-WAY TO EMERG VEHICLE" (see People v Love, 306 NY 18, 23 [1953] ["It has been held that where an information charges violation of the wrong section of a statute, this may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation, and if the acts charged are clearly referable to the offense of which the defendant has been convicted"]). Indeed, section 1144 (a) provides, in pertinent part, "Upon the immediate approach of an authorized emergency vehicle . . . the driver of every other vehicle shall yield the right of way," whereas section 1144-a does not contain any wording involving a yielding of the right of way to an emergency vehicle but, rather, refers only to emergency vehicles that are stopped, where yielding the right of way to them would not be applicable. Consequently, so much of the appeal as is from the judgment convicting defendant of failing to yield the right of way to an emergency vehicle is dismissed as abandoned (see People v Bankupally, 51 Misc 3d 144[A], 2016 NY Slip Op 50710[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
As defendant's remaining contentions are dehors the record or raised for the first time on appeal, we do not consider them (see People v Anghel, 44 Misc 3d 134[A], 2014 NY Slip Op [*3]51158[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Accordingly, the judgment convicting defendant of following too closely is affirmed. The judgment convicting defendant of unreasonable use of a horn is reversed and the simplified traffic information charging that offense is dismissed. So much of the appeal as is from the judgment convicting defendant of failing to yield the right of way to an emergency vehicle is dismissed as abandoned.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019