People v Bianchi (2023 NY Slip Op 51388(U))

[*1]

People v Bianchi (Kyle)

2023 NY Slip Op 51388(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2022-356 S CR

The People of the State of New York, Appellant,
against
Kyle M. Bianchi, Respondent. 

Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for appellant.
Kyle M. Bianchi, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Jeffrey Arlen Spinner, J.H.O.), dated April 8, 2022. The order denied the People's motion for leave to amend a simplified traffic information so as to charge a violation of section "822-11 (A)," rather than section "822-3a" and, thereupon, sua sponte, dismissed the simplified traffic information on the ground that it was jurisdictionally defective.

ORDERED that the order is modified, on the law, by vacating so much thereof as, sua sponte, dismissed the simplified traffic information; as so modified, the order is affirmed. The simplified traffic information is reinstated and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further proceedings.
Prior to the commencement of trial in the instant action, the People moved to amend the subject simplified traffic information, which had charged defendant with a violation of section "822-3a," to instead charge defendant with a violation of section "822-11 (A)." The District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (SCTPVA) denied the People's motion and, sua sponte, dismissed the simplified traffic information, finding it to be jurisdictionally defective.
The simplified traffic information set forth that defendant Kyle M. Bianchi, the operator of a black 2018 Chevrolet with a specified license number, "did operate above 4x4 vehicle on public land without written consent or cause" in violation of section "822-3a" of some unspecified statute. Thereafter, the complainant peace officer, pursuant to an order of the SCTPVA, executed a supporting deposition, which had to satisfy the requirements of CPL 100.25 (2) (see generally CPL 100.40 [2]). CPL 100.25 (2) states that, when a supporting deposition is provided to a defendant who has been charged by a simplified information, the supporting deposition must contain "allegations of fact, based either upon personal knowledge or [*2]upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged." 
Here, the supporting deposition labeled the offense as "ATV use on public land" without specifying the section number, or even the statute, that had allegedly been violated. In pertinent part, the supporting deposition, in setting forth the "particulars" of the offense, stated that defendant "did operate a 2018 Chevy truck black in color bearing New York registration KLX7697 along with another vehicle, a 2021 Toyota truck white in color bearing New York registration KLY9859 as witnessed by this deponent in [Manorville Hills County Park] along the emergency access and walking trail approximately 1500 yards in during routine patrol. When stopped the defendant had a female in the passenger seat . . . . When asked where they are heading the defendant stated 'nowhere' and the other operator stated 'we wanted to 4x4 somewhere with my new truck.' "
It appears that the reference in the simplified traffic information to section "822-3a" refers to Suffolk County Code § 822-3 (A). That section provides that no person shall operate an ATV off a public highway on public property in Suffolk County, whereas Suffolk County Code § 822-11 (A) provides that "[n]o person shall operate a four-wheel-drive vehicle . . . off a public highway on public property" in Suffolk County, unless such person has "a valid permit from the appropriate jurisdiction to engage in off-road driving." Suffolk County Code § 822-10 defines a four-wheel-drive vehicle as "[a]ny motor vehicle, as defined in § 125 of the New York State Vehicle and Traffic Law, which has four-wheel or all-wheel driving technology and is designed to be used both on and off public highways."
In view of the foregoing, we find that neither the erroneous section number set forth in the simplified traffic information nor the erroneous label in the supporting deposition of "ATV use on public land" rendered these documents jurisdictionally defective, as the former document was substantially in the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; People v Epakchi, 37 NY3d 39, 45 [2021]), with the erroneous section number being mere surplusage which may be disregarded (see People v Love, 306 NY 18, 23 [1953] ["where an information charges violation of the wrong section of a statute, this may be disregarded as surplusage if the information fully advises the defendant of the acts relied upon to constitute the alleged violation"]; People v Sharipov, 69 Misc 3d 134[A], 2020 NY Slip Op 51268[U] [App Term, 1st Dept 2020]; People v Williams, 67 Misc 3d 145[A], 2020 NY Slip Op 50804[U] [App Term, 1st Dept 2020]), and the latter document satisfied CPL 100.25 (2) (see also CPL 100.40 [2]) in that the supporting deposition provided reasonable cause to believe that defendant illegally operated a 4x4 truck in a public park (see Suffolk County Code § 822-11 [A]). Consequently, here, the People's motion to amend the simplified traffic information was unnecessary and, thus, properly denied, and, as a result, we need not pass upon whether an amendment of a simplified traffic information is ever authorized by the Criminal Procedure Law (see People v Hardy, 35 NY3d 466 [2020]; cf. CPL 100.45; 170.35 [1] [a]). 
Accordingly, the order is modified by vacating so much thereof as, sua sponte, dismissed the simplified traffic information, the simplified traffic information is reinstated, and the matter is remitted to the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency for all further proceedings.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023