THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THE CITY
OF NEW YORK, Defendant.

First Department, June 14, 1935.

*Timothy F. Cohan, Assistant Attorney-General,* of counsel [*Henry Epstein, Solicitor General,* with him on the brief; *John J. Bennett, Jr., Attorney-General,* attorney], for the plaintiff.

*Ralph W. Thomas* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the defendant.

GLENNON, J.   This is a submission of a controversy on an agreed statement of facts.   The question to be determined involves the ownership of certain fines and penalties in the sum of $1,861, which were collected in the Second District Magistrate's Court in the borough of Queens, in 1924, from divers individuals charged with violations of the code of ordinances which was adopted and approved by the board of aldermen of the city of New York.

The fines were imposed for the following offenses: (a) For driving with improper lights on motor vehicles, under section 12, article 2, chapter 24, of the code; (b) for driving with improper lights on motorcycles, under section 12, article 2, chapter 24; (c) for the improper use of muffler cut-outs on motor vehicles, under section 36, article 3, chapter 24; (d) for reckless operation of motor vehicles, under subdivision 1, section 17, article 2, chapter 24 of the code; (e) for failure to use reasonable care in operating motor vehicles, under unspecified sections of article 2, chapter 24 of the code.

The State claims that it is entitled to the funds in dispute, while the city contends that the moneys belong to it.   The State argues that the offenses enumerated are exclusively governed by the High-way Law, whereas the city takes the position that the ordinances which were violated were validly enacted and permitted under the provisions of section 288 of the Highway Law (now Vehicle and Traffic Law, § 54).

We agree with the arguments advanced by the city. The general purpose and the underlying reason for the enactment of section 288 of the Highway Law, which is entitled, "Local ordinances prohibited," are apparent. The Legislature, mindful of the unfair practices resorted to in some of the smaller communities in the State, decided to adopt State-wide laws to cover generally the operations of motor vehicles. In so doing, however, it excepted, in part, cities of the first class, and also cities of the second class in a county adjoining a city of the first class. These cities were covered by the following provisions of the statute: " and provided further that nothing in this article contained shall impair the validity or effect of any ordinances, regulating the speed of motor vehicles, or of any traffic regulations with regard to the operation of motor vehicles, heretofore or hereafter made, adopted or prescribed pursuant to law in any city of the first class or in any city of the second class in a county adjoining a city of the first class."

Bearing in mind the purpose of the statute, and particularly the use of the words " of any traffic regulations with regard to the operation of motor vehicles," we reach the conclusion that the board of aldermen was well within its rights in enacting the provisions of the code of ordinances, for violations of which the fines were collected. The reasoning employed in the case of *People* v. *City of Buffalo* (175 App. Div. 218; affd., 220 N. Y. 715) is particularly applicable to the controversy under consideration. Accordingly, judgment should be directed for the defendant, without costs.

MARTIN, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Judgment directed for defendant, without costs. Settle order on notice.