Benjamin Weiner, Respondent, *v.* Lewis J. Valentine, as Police Commissioner of the City of New York, Appellant.

Per Curiam. The nature of this case makes it somewhat difficult to plead the facts in great detail. We are of the opinion, however, that the allegations contained in the complaint here under consideration are sufficient.

The order, so far as appealed from, should be affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order with notice of entry thereof, on payment of said costs.

Martin, P. J., Townley, Glennon and Callahan, JJ., concur; Dore, J., dissents and votes to reverse and dismiss the complaint.

Dore, J. (dissenting). Analysis of the complaint shows that in so far as it makes allegations with regard to the invalidity of the regulations, it consists solely of allegations characterizing the regulations in general language as arbitrary, discriminatory and void. To state a cause of action to restrain the enforcement of police regulations, facts relied on must be specifically set forth from which it would follow as a reasonable or necessary inference that the regulations are in fact arbitrary, prohibitive and discriminatory. If plaintiff relies only upon the regulations and facts of which the court can judicially take notice, the complaint must be dismissed as there is nothing in the regulations that would necessarily make them arbitrary, unreasonable, discriminatory and void. It may be that plaintiff can specifically allege facts with regard to conditions in the area that would sufficiently raise the inference of unreasonableness, but this complaint fails to do so.

The order should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed, with leave to plaintiff to serve an amended complaint.

Order, so far as appealed from, affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within ten days after service of order on payment of said costs.