SAMUEL SCHWARTZBERG et al., Plaintiffs, *v.* ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Defendant.

Supreme Court, Special Term, New York County, October 3, 1947.

*Herbert Kaufman* for plaintiffs.

*Charles E. Murphy, Corporation Counsel (Morris W. Weiner* and *Mathilda D. Miller* of counsel), for defendant.

PECORA, J. This action is brought for a judgment declaring that section 35 of the Traffic Regulations of the City of New York is void, unreasonable and discriminatory and for an injunction to restrain enforcement of such regulations.

Section 35 provides: " *Learner's streets.* A driver with a learner's permit shall operate a motor vehicle only on streets designated as learner's streets by the Police Commissioner, and only when accompanied by a licensed chauffeur or operator who shall not permit such learner to violate this provision."

Plaintiffs are either owners or employees of auto schools which give instruction in the operation of motor vehicles. Pursuant to section 7 of the Vehicle and Traffic Law, they are licensed by the Commissioner of Motor Vehicles. Plaintiffs and other operators of vehicles in which learners were being instructed, have violated the provisions of section 35 which resulted in the issuance of numerous summonses in magistrates' courts proceedings. Some magistrates have found defendants guilty, upholding the validity of section 35. At least in one case, *People* v. *Velich* (70 N. Y. S. 2d 49), the complaint was dismissed upon a ruling that section 35 was invalid and illegal. The People had no right of appeal from that decision. There have been no appeals from judgments of conviction by defendant, who had a right to appeal.

The situation disclosed by the complaint presents a proper one for declaratory judgment (*Weiner* v. *Valentine,* 17 N. Y. S. 2d 355, affd. 260 App. Div. 999). However, the question upon which determination rests is one of law and can be decided on the pleadings. It resolves itself into one of the *power* of the Police Commissioner to promulgate section 35 of the Traffic Regulations.

Essentially plaintiffs maintain that section 35 is violative of sections 10 and 20 of article 3 and section 54 of the Vehicle and Traffic Law, and is therefore invalid. Section 10 provides that, except as otherwise provided in the Vehicle and Traffic Law, article 3 thereof shall be exclusively controlling upon the registration, numbering and regulation of motor vehicles and the licensing and regulation of chauffeurs and operators thereof. Section 20 of the Vehicle and Traffic Law provides for the issuance of a learner's permit for a period of four months and further states that operation and driving under such permit "shall be only in accordance with the terms of such permit." Section 54 of the Vehicle and Traffic Law, which forbids the making of local ordinances or regulations requiring from owners and operators any tax, fee, license or permit for the use of the public highways, or excluding any owner or operator from the free use of the highways, further provides that nothing therein shall impair "the validity or effect of any ordinances regulating the speed of motor vehicles and motor cycles, or of any traffic regulations with regard to the operation of motor vehicles and motor cycles  *  *  *  adopted or prescribed pursuant to law in any city of the first class  *  *  *."

The regulation here involved was promulgated by the Police Commissioner pursuant to the provisions of section 435 of the New York City Charter, vesting in him the power to "regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health  *  *  *." The power to make such regulations has been sustained. (*People* v. *City of New York,* 245 App. Div. 77, affd. 272 N. Y. 608; *Cherubino* v. *Meenan,* 253 N. Y. 462; *Tamburrino* v. *Sterrick Delivery Corporation,* 241 App. Div. 221.)

The power exercised by the Police Commissioner here is not one with respect to licenses but to the regulation of traffic upon the streets of the city of New York. The court may take judicial notice of the traffic conditions existing in New York City. These conditions amply support the action of the Police

Commissioner and sustain the reasonableness as well as the validity of section 35. The congested traffic in the streets, and the necessity for children to use the streets for play and recreational purposes, are known to everyone. To permit learners to drive motor vehicles through such congested streets indiscriminately and without restraint or control, would be unreasonable and absurd. The Police Commissioner, acting for the municipality, is under a duty to see that the streets are used with due regard to the safety and welfare of all persons entitled to use them. He has acted legally and wisely, through the promulgation of section 35 of the Traffic Regulations, in restricting learners to certain streets.

That the regulation may work some hardship or inconvenience on plaintiffs is immaterial when the convenience and welfare of the entire population is concerned. It is not a novel exercise of power that is presented here. Parking regulations (*People v. Ruben,* 284 N. Y. 392), the use of one-way streets (*McCarthy v. City of New York,* 170 Misc. 243, affd. 259 App. Div. 870, affd. 286 N. Y. 636), and designation of express streets (*Bus Depot Holding Corp.* v. *Valentine,* 288 N. Y. 115) have been held valid.

I therefore hold that section 35 does not violate any provisions of the Vehicle and Traffic Law and is a reasonable and valid exercise of power given by statute to the Police Commissioner. As to section 20 of the Vehicle and Traffic Law, the learners' permits issued by the Commissioner of Motor Vehicles contain a condition that such persons receiving instruction in the city of New York shall confine their operation only to streets designated by the Police Commissioner of the City of New York.

Defendant is entitled to judgment declaring the validity of section 35 of the Traffic Regulations of the City of New York, and plaintiffs' prayer for injunctive relief is denied. The motion for judgment on the pleadings is granted accordingly. Settle judgment.