THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* STANLEY S. CORWIN, Respondent.

Argued July 14, 1952; decided July 15, 1952.

*Frank A. Gulotta, District Attorney (Philip Huntington* of counsel), for appellant. I. It was error to rule that the ordinance in question is unenforcible, because of a supposed defect *in the statute,* in the absence of any factual showing that the alleged defect had resulted in injury to defendant. It was further error for the County Court to make this ruling on the appeal, when the objection of the supposed defect in the statute had not been raised at the trial and the facts showing absence of any injury were consequently not in the record. (*Stockholders* v. *Sterling,* 300 U. S. 175; *Plymouth Coal Co.* v. *Pennsylvania,* 232 U. S. 531; *Aikins* v. *Kingsbury,* 247 U. S. 484; *Hendrick* v. *Maryland,* 235 U. S. 610.) II. The County Judge misconstrued the " pattern " of speed regulation that the Legislature has adopted for large cities and State agencies in one category, and small cities and villages in another category. (*People* v. *City of New York,* 245 App. Div. 77, 272 N. Y. 608; *Commonwealth* v. *Croninshield,* 187 Mass. 221; *People* v. *Untermyer,* 153 App. Div. 176; *People* v. *County of Westchester,* 282 N. Y. 224.) III. The claim that the provisions of section 775 of the Conservation Law are unreasonable and discriminatory, even if true, would not be a valid ground for reversing the conviction in this case, because the section does not violate any provision of the State or Federal Constitution. (*Jones Beach Blvd. Estate* v. *Moses,* 268 N. Y. 362; *Commissioners of Palisades Interstate Park* v. *Lent,* 240 N. Y. 1; *Pearce* v. *Stephens,* 18 App. Div. 101, 153 N. Y. 673; *Bogart* v. *County of Westchester,* 185 Misc. 561, 270 App. Div. 274.)

*Hugo E. Rogers* for Traffic Department of City of New York, *amicus curiæ,* in support of appellant's position. The lower court has misinterpreted existing statutes and ignored the intent of the Legislature as well as the many decisions and interpretations heretofore rendered. (*People* v. *City of New York,* 245

App. Div. 77, 272 N. Y. 608; *People* v. *President & Trustees of Vil. of Ossining,* 238 App. Div. 684, 264 N. Y. 574; *People* v. *Resciniti,* 191 Misc. 719.)

*Stanley Skinner Corwin,* in person, and *Edward T. Costello* for respondent. I. The commission lacked authority to enact a valid speed ordinance. The ordinance under which defendant was convicted is invalid. (*Jones Beach Blvd. Estate* v. *Moses,* 268 N. Y. 362.) II. The commission's speed ordinance is affirmatively prohibited by section 54 of the Vehicle and Traffic Law. (*People* v. *Schrader,* 172 Misc. 246; *Great Atlantic & Pacific Tea Co.* v. *City of New York,* 173 Misc. 470; *Bogart* v. *County of Westchester,* 185 Misc. 561, 270 App. Div. 274.) III. The People failed to plead and prove the erection of speed signs. (*People* v. *County of Westchester,* 282 N. Y. 224; *People* v. *Wadsworth,* 200 Misc. 1049.)

FROESSEL, J. On April 6, 1949, defendant was convicted of a violation of section 6 of ordinance 6 of the Long Island State Park Commission, and fined $10, in the Third District Court of Nassau County, sitting as a Court of Special Sessions without a jury. Said section 6 provides: " *Speed limit.* a. A rate of speed by a motor vehicle in excess of 40 miles an hour is prohibited " (as amd. May 2, 1946; eff. June 1, 1946; filed June 5, 1947; see N. Y. Official Compilation of Codes, Rules & Regulations [3d Official Cum. Supp., 1948], pp. 452, 453). On appeal from such conviction, the County Court reversed on the law, dismissed the information and remitted the fine, holding invalid the statute under which said ordinance is said to have been enacted.

Defendant offered no proof whatsoever. After the People had rested, he moved for a dismissal on the ground that the People had failed to make out a prima facie case in that they failed to show compliance with section 54 of the Vehicle and Traffic Law. Clearly the motion was properly denied, since said section 54 relates only to " local authorities ". The Long Island State Park Commission is a State agency and not a local authority (Vehicle and Traffic Law, § 2, subd. 19; Conservation Law, §§ 672, 770). So the County Court correctly held.

It also found the power of the commission to regulate the speed limit on parkways to reside in section 775 of the Conserva-

tion Law (see, also, § 676, derived from L. 1940, ch. 412; §§ 672, 777, subd. 1; § 778; Vehicle and Traffic Law, § 56, subd. 4 [renum. 5 by L. 1952, ch. 209, § 2, eff. July 1, 1952]). Upon the assumption, however, that section 775 of the Conservation Law does not require the posting of speed signs, and is thus unreasonable and discriminatory in relation to other statutes which do contain that requirement (Vehicle and Traffic Law, §§ 54, 95-c), the court held that the ordinance must fall with the statute, reversed the conviction, and added that the erection of warning signs " was neither pleaded or proven " in the instant case. In this respect the court erred.

The general purpose and the underlying reason for the enactment of section 54 of the Vehicle and Traffic Law resulted from the legislative recognition " of the unfair practices resorted to in some of the smaller communities in the State " (*People* v. *City of New York,* 245 App. Div. 77, 78, affd. 272 N. Y. 608). For that reason, section 54 is limited to local authorities only, and they are defined in subdivision 19 of section 2 of the Vehicle and Traffic Law. It may be noted that even among local authorities, the Legislature in said section 54 has distinguished between cities of the first class and cities of the second class in a county adjoining a city of the first class on the one hand, and other cities and incorporated villages on the other. It may also make reasonable distinctions with respect to State agencies.

The specific powers of the Long Island State Park Commission to make " suitable rules and regulations for the proper exercise " of its powers and duties (see §§ 777, 778), including " the direction of traffic ", are contained in section 775 of the Conservation Law. These powers are sufficiently broad to authorize the enactment of section 6 of ordinance 6. Surely is this so when read in the light of section 676 of the Conservation Law, derived from chapter 412 of the Laws of 1940. Moreover, section 775 provides for the posting and publication of ordinances and continues: " *A copy of any such ordinance, certified by any member of said commission, or by its secretary,* whose signature shall be acknowledged before an officer authorized to take acknowledgments, *to be a true copy of such ordinance and to have been so posted and published, shall be prima facie evidence of* such ordinance and of its legal adoption, and *due posting* and publishing " (emphasis supplied).

It would follow that, in relation to the parkway system, the posting must be done in such manner as will advise the passing motorist of the speed limit contained in the ordinance. So viewed, the statute is shown to be reasonable in operation and effect in any event (see *Jones Beach Blvd. Estate* v. *Moses,* 268 N. Y. 362).

In this case, the information expressly alleged that the ordinance in question " was duly and legally adopted, enacted, published and *posted* by the Long Island State Park Commission prior to the " date of the offense here charged (emphasis supplied). At the very outset of the trial, when the court was asked to take judicial notice of the said ordinance, it replied:

" The Court: Yes, if there is any question about it, we have a copy of it right here. Mr. Costello, have you any question to raise on the propriety or publications of the ordinance, we have it right here. In other words, Ordinance 6, Section 6 of the Long Island State Park Commission Ordinances has been *promulgated and published according to Law, we have that certificate right here in Court, if you want to look at it.*

" Mr. Costello: *No, Your Honor, we'll waive that.*" (Emphasis supplied.) In the light of this waiver and the statutory presumption that the duly certified copy shall be " prima facie evidence of * * * due posting and publishing " of the ordinance, the proof clearly supports defendant's conviction.

The order of the County Court should be reversed and the judgment of the Third District Court of Nassau County, sitting as a Court of Special Sessions, affirmed.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ., concur; CONWAY, J., not sitting.

Judgment accordingly. [See 304 N. Y. 740.]