Howard A. Zeller, J.
This is a proceeding under article 78 of the Civil Practice Act for an order prohibiting the Justice of Peace of the Town of Richfield and the People of the State of New York from further proceeding against petitioner on a charge of violation of section 1180 of the Vehicle and Traffic Law (speeding).
In the afternoon of October 26, 1962, a trooper of the New York State Police brought petitioner before the respondent Justice of Peace. Am information then was sworn to by the trooper charging .the speeding violation. Petitioner was duly informed of his rights under the Code of Criminal Procedure and waived assistance of counsel. He thereupon orally pleaded not guilty and requested the Magistrate to proceed with the trial.
The Magistrate denied petitioner’s motion for immediate trial and adjourned the matter over petitioner’s noted objection that he desired immediate trial as it would be a great inconvenience to again present himself before the court, which was remote from petitioner’s home and place of business.
The Magistrate — not the arresting officer — informed petitioner that he deemed immediate trial impossible as it was his practice to notify the Assistant District Attorney by mail of an impending trial and the prosecutor would need time to prepare for trial by securing a certificate of “no greater speed ” from the State Traffic Commission and arranging for the appearance of the individual who tested the speedometer of the patrol car. No effort was made that afternoon by the complaining witness or the Magistrate to contact the District Attorney’s office or to assemble the allegedly necessary evidence and testimony.
The date of November 17,1962 was thereupon set for trial and in the meantime this proceeding for a writ of prohibition was instituted by petition. _. . . „ *43 In the absence of speed signs to the contrary, section 1620 of the Vehicle and Traffic Law creates a presumption that the State Traffic Commission has not u established a higher maximum speed * * * than the fifty miles per hour * * * limit.” The prosecution was privileged to prove its case by resorting to this presumption. (People v. Shapiro, 7 N Y 2d 370.) Prosecution of such a charge by the District Attorney’s office is not essential; the Town Attorney or trooper could have prosecuted it. (See People v. Czajka, 11 N Y 2d 253 [prosecution of traffic offense by a deputy town attorney]; People v. De Leyden, 10 N Y 2d 293 [prosecution of speeding charge by a Deputy Sheriff] ; also, see, Matter of Johnson v. Boldman, 24 Misc 2d 592 and People v. Wyner, 207 Misc. 673.) The speedometer mechanic, also a trooper, was stationed within 30 miles of the court and the Assistant District Attorney’s office was no farther away. It cannot be assumed that they would not have responded that afternoon to telephone or radio communication.
Although no request for an adjournment had been made by the arresting officer, the Magistrate arbitrarily decided the case could not be prosecuted on the afternoon of the arrest. There are cases where a person accused of a traffic infraction cannot be given a trial immediately or within an hour or two of his appearance before a Magistrate. But, certainly there must be some effort made to accord such a trial when it is demanded. Here the need of an adjournment was simply presumed on the prosecution’s behalf by the Magistrate. The effect was a summary and unwarranted abridgement of petitioner’s right to a speedy trial.
Jurisdiction so exceeded is jurisdiction lost and prohibition is a proper remedy. (Civ. Prac. Act, § 1284, subd. 4; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 8.)
Respondents’ objections in point of law should be overruled. The answer raises no triable issue of fact. Respondents should be prohibited from proceeding further against petitioner on this speeding charge.