John H. Galloway, Jr., J.
This is an appeal from a judgment of conviction rendered on January 15,1963 after trial without a jury in the Court of Special Sessions in the Town of Mt. Pleasant, Hon. Sante J. Chessari, Justice of the Peace. The information alleged a violation of subdivision (c) of section 62 of article II of the East Hudson Parkway Authority Rules and Regulations (speeding). The defendant was convicted and fined $10 which was paid. Upon appellant’s motion, and with the consent of the office of the County Attorney who prosecuted the matter in the court below, the execution of the sentence was stayed pending the determination of this appeal.
The facts as established by the return are: (1) That the appellant drove his car at a rate of approximately 70 miles per hour on the Saw Mill River Parkway from Grant Street, Pleasantville to a point just north of the Hawthorne Circle. (2) That subdivision (c) of section 62 of article II of the Rules and Regulations of the East Hudson Parkway Authority provides: “ A rate of speed on that part of the parkway system known as Saw Mill River Parkway extending from a point 1000 feet north of the Eastview Railroad overpass in the Town of Greenburgh to the termination of said Saw Mill River Parkway in the Village of ICatonah by any vehicle in excess of fifty (50) miles per hour shall be unlawful.” (3) That the arresting officer testified that the defendant passed one sign for southbound traffic with the numerals “ 50 mph (4) The Justice of the Peace, the counsel for the defendant and the Assistant County Attorney for the prosecution stipulated that there is no speed sign posted to govern southbound traffic on the Saw Mill River Parkway between Grant Street and the Hawthorne Circle, and there was no such sign on November 2, 1962, the date of defendant’s alleged violation.
The affidavit of appeal cites seven errors, six of which allege a violation of constitutional rights and one alleging that the verdict was contrary to the law and fact since no speed sign was posted over the course the defendant travelled. Three of the errors assigned arise from the adjournment by the Justice of the Peace after the trial was commenced on December 18, 1962 to January 8,1963 peremptorily.
The appellant argues that the posting of signs establishing traffic regulations, including speed limits, is a prerequisite to conviction, citing section 61 of article II of the East Hudson Parkway Authority Rules and Regulations which provides: *828 “ signs. No person shall fail, neglect or refuse to comply with any instruction, direction or regulation displayed upon any post, standard, sign or marking on any drive or other device installed or placed for the regulation of traffic on the parkway system.”
Appellant urges that this provision indicates the intention of the Parkway Authority that motorists shall be informed of all regulations by appropriate signs posted along the highway, and that the posting of speed limit signs is a prerequisite to a conviction for speeding on the Parkway in question.
We think appellant’s position is untenable. Section 1630 of the Vehicle and Traffic Law authorizes a parkway authority by order, rule or regulation to restrict or regulate traffic, including establishment of maximum and minimum speed limits, on a highway under its jurisdiction, and such orders, rules and regulations shall supersede the provisions of the Vehicle and Traffic Law where inconsistent or in conflict with respect to, among other enumerated subjects, the establishment of maximum and minimum speed limits.
Pursuant to section 1630 and sections 453 and 460 of the Public Authorities Law, the East Hudson Parkway Authority established a 50-mile-per-hour maximum speed limit on the section of the Saw Mill River Parkway here involved (art. II, § 62, subd. [c] of the General Provisions, as amd. Feb. 9, 1962, eff. April 1, 1962).
Paragraph 15 of subdivision (a) of section 1683 of the Vehicle and Traffic Law provides that no order, rule or regulation made by any local authority under the powers conferred by that statute shall be effective until signs or markings giving notice thereof are posted, except as otherwise provided in subdivision (b) of said .section, if the effect of such order, rule or regulation is to: “Establish maximum speed limits other than those set forth in section eleven hundred eighty ” (emphasis supplied).
Subdivision (b) of section 1683 provides that such signs shall be required for orders, rules or regulations made by a parkway authority “ only in so far as such local authorities in their discretion may deem practicable.”
Pursuant to paragraph 2 of subdivision (b) of section 1180 of the Vehicle and Traffic Law, with the exception of certain situations therein specified, no person shall drive a vehicle on a highway in excess of the maximum speed of 50 miles per hour.
Consideration of the foregoing statutes leads us to the conclusion that, since the 50-mile-per-hour maximum speed limit fixed by the Parkway Authority for the Saw Mill River Parkway is the same as the statutory maximum of 50 miles per hour fixed for State highways generally by paragraph 2 of subdi *829 vision (b) of section 1180 of the Vehicle and Traffic Law, the Parkway Authority was not required to post a maximum speed limit sign to that effect on the section of the parkway here involved. And in our opinion, in the absence of any showing by defendant of any adequate reason for action to the contrary, the Authority’s apparent election not to post such speed limit, within the approximately two-mile course traversed by defendant, was not unreasonable nor discriminatory, nor was it an abuse of discretion, as urged by defendant.
Nor has the Authority failed to comply with its own Rules and Regulations as provided in section 61 of its rules (above quoted) requiring obedience to any sign placed on its parkways for the regulation of traffic. In our opinion section 61 requires nothing more than obedience by motorists to speed and other signs when and where they are installed or placed by the Authority on its parkways either because such installation is required by the Vehicle and Traffic Law, or because the Authority has elected so to do in the exercise of its discretion under subdivision (b) of section 1683, having deemed such installation or posting to have been practicable in a particular section or area.
In so holding we are not unaware of the apparently contrary opinion of the learned Montgomery County Court in People v. Johnson (23 Misc 2d 11, 13), wherein Judge Chandler Knight interpreted a substantially similar provision respecting obedience to posted speed signs as requiring the Thruway Authority to post such signs as a prerequisite to conviction. We believe that ease is distinguishable from the case at bar on two grounds: (1) The maximum speed limit fixed by the Thruway Authority was 60 miles per hour, which was higher than the then existing State-wide maximum of 50 miles per hour; and (2) that case was decided prior to the effective date of paragraph 15 of subdivision (a) of section 1683 and subdivision (b) of section 1683 of the Vehicle and Traffic Law, and, we believe, it would be differently decided if re-presented today (as suggested by the District Attorney).
We conclude that the absence of posted maximum speed signs along the Saw Mill River Parkway between the point where defendant entered the Parkway and the point of his arrest does not bar conviction of the motorist who exceeds the maximum limit established for that Parkway. The Authority’s maximum speed limit regulation had the force of law (Vehicle and Traffic Law, § 1630), as well as did the State-wide maximum speed limit established by paragraph 2 of subdivision (b) of section 1180 of the Vehicle and Traffic Law. There is nothing unreasonable or violative of defendant’s substantial rights in holding *830 him to his presumed knowledge that the State-wide speed limit was 50 miles per hour, that .such limit was applicable to the Parkway in question, and that it could be exceeded only in areas so posted (see People v. Amabile, 21 Misc 2d 951; cf. People v. Love, 306 N. Y. 18, 20).
Our reading of People v. Corwin (304 N. Y. 362) and People v. Cull (10 N Y 2d 123) cited by appellant in support of his point that the absence of posted speed signs bars conviction, discloses that Corwin involved the posting and publication of a .speed ordinance promulgated by the Long Island State Park Commission; and that Cull involved the failure to file a speed regulation of the State Traffic Commission with the Department of State. Neither case is here in point.
Appellant then urges for reversal the violation of his constitutional right to a speedy trial and to a fair trial by reason of the adjournments of the trial granted and ordered by the trial court, in violation of the restrictions on adjournments contained in sections 180, 181 and 186 of the Justice Court Act, of sections 7-a, 8 and 9 of the Code of Criminal Procedure; and of section 12 of the Civil Eights Law.
Since this was a criminal prosecution in a Court of Special Sessions of an alleged traffic violation, the adjournment provisions and other provisions of the Justice Court Act, pertaining to the civil jurisdiction of that court and relied on by appellant, are clearly not applicable in this instance. On the contrary, the provisions of title I of part V of the Code of Criminal Procedure (§§ 699-740-c inclusive) were expressly enacted to govern the proceedings in Courts of Special Sessions in the counties outside the City of New York. In our opinion the adjournments had in the trial of this case were not violative of the provisions of section 702-a of the code.
There is no question that appellant was entitled to a preference in the trial of his case over civil cases pending before the trial court (Code Grim. Pro., § 7-a) and to a speedy trial (Code Crim. Pro., § 8; Civil Eights Law, § 12). The traffic summons was served on defendant on November 2, 1962, and was returnable on November 13. He appeared that day and pleaded not guilty, and requested and was granted an adjournment to November 27 to secure counsel. Although prosecution and defense appeared for trial on November 27, due to misunderstanding as to the hour for trial, it was adjourned to December 18. On that date the trial was commenced, the prosecution being conducted by the complaining police officer. ¡Shortly after the start of the trial the court adjourned it to January 8, 1963 “ peremptorily ” — but trial was not resumed until January 15, *831 since the Justice was not sitting on January 8. The trial was completed on January 15. The apparent reason for the “ peremptory ” adjournment was to afford the People an opportunity to procure counsel to continue the prosecution of the case.
In our opinion defendant was not denied a preference in the trial of his case, nor was he denied a speedy trial. On this record there is no merit to his contentions to the contrary. Nor did the continuance of the trial after the “peremptory” adjournment constitute a “ second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted ”, within the proscription of section 9 of the Code of Criminal Procedure. This contention is likewise rejected as being without merit.
Appellant does not challenge the charge and the arresting officer’s testimony in support thereof that he drove his car at the rate of 70 miles per hour on the Parkway in question, or that the maximum speed duly established on that section of the Parkway was 50 miles per hour. In fact these elements are admitted by the defendant in his stipulation with the prosecuting County Attorney, upon which the return herein was made.
The judgment of conviction is affirmed.