EVA NADALIN, Appellant, v. LA GRANDE E. CHASE, JR., Respondent.— Judgment reversed, on the law and on the facts, and a new trial directed, with costs to abide the event. The defendant owed the plaintiff the same measure of care as would be owed to a business invitee upon the premises. The issues of negligence and contributory negligence should have been submitted to the jury. Gibson, Herlihy and Taylor, JJ., concur; Bergan, P. J., and Reynolds, J., dissent and vote to affirm. In our opinion the defendant created no dangerous condition and no negligence has been proven. The record disclosed no actionable negligence of the defendant to which plaintiff's injury may be attributed.

In the Matter of JOHN S. HOGG, Respondent, v. WILLIAM B. PARKER, as Justice of the Peace of the Town of Richfield, et al., Appellants.— Petitioner, charged with a traffic infraction, upon arraignment before the respondent as Justice of the Peace, demanded an immediate trial. The Justice over petitioner's objection adjourned the case. In this article 78 proceeding addressed to the power of the Justice to grant the adjournment the Special Term prohibited further proceedings in the Justices' Court. The Justice had jurisdiction of the defendant and of the offense and consequently had power to adjourn the case. This is the only question determinable in this proceeding. Order reversed on the law and petition dismissed, without costs. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur. [38 Misc 2d 41.]

PASQUALE DE LILLI, Respondent, v. NIAGARA MOHAWK POWER CORPORATION et al., Appellants. GENERAL TELEPHONE COMPANY OF UPSTATE NEW YORK, INC., Defendant and Third-Party Plaintiff, v. PERINI CORPORATION, Third-Party Defendant. NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff-Respondent, v. PERINI CORPORATION, Third-Party Defendant-Appellant.— Orders affirmed, without costs. Our affirmance does not, of course, indicate an opinion on our part as to whether the order or orders of preclusion referred to in the condition imposed at Special Term should be vacated with respect to any or all of the defendants. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur; Taylor, J., not voting.

In the Matter of MO-DURN COIN DEVICES, INC., Petitioner, v. RALPH C. PAGE, as Treasurer of the County of Broome, Respondent.— Submission of controversy on stipulated facts. The stipulated facts make it unnecessary to determine whether the transaction of May 16, 1962 was a retail sale, since petitioner concedes that a retail sales tax thereby became due in some amount. With this concession, we are of opinion that the tax is measured by the sum of $101,617.96, the conceded value of the property thus transferred. Judgment for respondent, without costs. Settle order. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.