Daniel J. O’Mara, J.
The above-named petitioner seeks to prohibit the respondent from further proceeding in connection with petitioner’s arrest for driving while intoxicated, in violation of section 1192 of the Vehicle and Traffic Law, based upon the ground that the respondent failed to appear in court for the purpose of adjourning the trial of the said proceedings which were then pending in his court.
It appears from the facts that the petitioner, subsequent to the date of his arrest, appeared before the respondent on the charge in question and entered a plea of not guilty, and demanded a jury trial. Arrangements were subsequently made for a jury trial on the evening of December 30, 1963 and the petitioner’s attorney was so informed. At about 6 o’clock on the evening of the date set for the jury trial the Assistant District Attorney in charge of the prosecution was advised that the official stenographer who was to take the testimony of the trial suffered an injury to his person on the date set for trial and that efforts to obtain a substitute stenographer failed of success. The Assistant District Attorney contacted the respondent at his home in connection with the situation, and endeavored to contact petitioner’s attorney without success. It appears further that the petitioner and his attorney arrived at the place *712 of trial at the time set and were advised by the Clerk of the court, pursuant to his instructions from the respondent, that the trial of the charge would have to be adjourned. The Clerk of the court, also pursuant to instructions from the respondent, dismissed the jurors that had been summoned for the trial.
It further appears that the court Clerk on January 10, 1964 advised the petitioner’s attorney that a jury would be drawn for the trial of the charge in question on the evening of January 15, 1964 and that the actual trial was rescheduled for January 30, 1964. The show cause order which instituted the present proceeding and which was signed on January 14, 1964 stayed the respondent from further proceeding in connection with the charge in question until a determination of the instant proceeding and the entry of an order thereof, and the service of a copy thereof, together with notice of entry.
It would appear that the reason advanced for the adjournment of the trial was adequate for the purpose of the respondent exercising his discretion pursuant to the legislative enactment of section 702-a of the Code of Criminal Procedure which became effective September 1, 1953. It is well known that Courts of Special Sessions prior to September 1, 1953 were not continuing courts and that criminal prosecutions, in order for the said courts to continue to exercise jurisdiction, had to be adjourned to a day certain. This law, however, was done away with by the enactment of September 1, 1953. The respondent had a legal right in the exercise of his discretion, in view of the facts presented, to adjourn the trial of the charge then pending against the petitioner.
Petitioner’s motion is denied and the stay vacated. The respondent’s cross motion becomes academic.