In the Matter of ANTHONY SANTACROSE, Petitioner, v. DONALD BEAN, as Justice of the Peace of the Town of Augusta, Respondent.

Supreme Court, Oneida County, December 19, 1964.

*Remo A. Allio* for petitioner. *Arthur A. Darrigrand, District Attorney*, for respondent.

HENRY A. HUDSON, J. This is an application pursuant to article 78 of the CPLR for an order of prohibition against DONALD BEAN, Justice of the Peace of the Town of Augusta, Oneida County, New York, restraining such Justice from further proceeding in any manner in respect to the petitioner's arrest for an alleged violation of section 1180 (subd. [b], par. 2) of the Vehicle and Traffic Law (speeding) upon the ground that such Justice divested himself of jurisdiction by granting a

further adjournment of the trial of the action over the objection of the petitioner.

The petitioner was arrested June 2, 1964 and charged with speeding. He was given a uniform traffic ticket which directed him to appear before DONALD L. BEAN, a Justice of the Peace in and for the Town of Augusta, Oneida County, New York, June 17, 1964. The petitioner's attorney arrainged for an adjournment until July 1, 1964. Petitioner resides in the City of Endicott, Broome County, New York, some 90 miles from the residence of the Justice. Petitioner and his attorney appeared before the Justice July 1, 1964 for the purpose of proceeding to trial but were informed that the adjournment had been for the purpose of the arraignment. The petitioner was thereupon arraigned pursuant to the uniform traffic ticket, pleaded not guilty, and posted $20 bail. The petitioner alleges that the Justice then adjourned the matter until July 8 at which time the matter would be disposed of by trial. The petitioner returned with his attorney and with a stenographer so that minutes of the trial could be taken on July 8. The two State Troopers who had arrested the petitioner were present and an attempt was made by them to arraign petitioner on a long-form information. Petitioner did not plead but insisted upon going to trial, stating that he had already been arraigned, that he had pleaded not guilty, that he had already made two trips for the purpose of disposing of the charge against him and that he desired to have such charges tried. The State Troopers asserted that the services of the District Attorney were necessary and that they could not proceed to trial without him. That an effort was made thereupon by the Justice to contact the District Attorney, who was unable to attend at that time (7:30 P.M.). The petitioner's attorney demanded that the trial should proceed, the request was refused by Justice BEAN and the matter was adjourned until August 5, 1964 at 7:00 P.M. The petitioner's attorney then moved that the charge be dismissed on the ground that the court no longer had jurisdiction of the petitioner. This was denied.

This application was brought on by order to show cause which contained a stay of any further proceedings pending the determination of the application. The record of the proceedings held on July 8, 1964 before Justice BEAN indicates that there was a difference of opinion between the petitioner, his counsel and the Justice as to the purpose of the adjournment from July 1 to July 8, it being the contention of the Justice that the proceedings had not been adjourned for trial.

The charge of speeding against the petitioner was stated by his counsel to be a first offense. This was not disputed by the People. He had been arraigned and had pleaded not guilty, after having travelled 90 miles with his attorney on July 1. It does not seem reasonable that he would be expected to repeat the trip for any other purpose than to dispose of the charge, which as a first offense is about as minor a traffic infraction as can occur. Neither would the troopers be expected to be present if a trial was not anticipated. The petitioner had been arraigned, had pleaded not guilty and was entitled to a speedy trial.

The minutes of the proceedings on July 8 indicate clearly that the District Attorney had not been contacted by the complaining witnesses or the Justice, although they had had a full week's notice that the matter was set down for disposition. There is no necessity for the appearance of the District Attorney's office to prosecute a charge for a traffic infraction. (*People* v. *Czajka*, 11 N Y 2d 253; *People* v. *De Leyden*, 10 N Y 2d 293; *Matter of Hogg* v. *Parker*, 38 Misc 2d 41.) The petitioner was entitled to a speedy and public trial. (Code Crim. Pro., § 8, subd. 1; Civil Rights Law, § 12.)

The basis of the relief sought by the petitioner in this proceeding, however, is that Justice BEAN did not have jurisdiction over the petitioner after making the adjournment of July 8. There is no question that Justice BEAN had jurisdiction of the petitioner on his arraignment on July 1, 1964, and the adjournment of that date being taken without objection, he had jurisdiction of the petitioner on July 8, 1964. In my judgment as long as the Justice had jurisdiction of the petitioner, he would not lose that jurisdiction by making an unauthorized or improper adjournment of the case. (Code Crim. Pro., § 702-a; *Matter of Hogg* v. *Parker, supra*; *People* v. *Vogler*, 6 Misc 2d 226.) Such action on his part might exceed his authority. It might constitute an improper and unauthorized adjournment. In refusing to grant the motion of the petitioner's attorney to discharge him, the Justice could be guilty of an improvident exercise of discretion. However, such action would only be reviewable upon appeal.

The exact question which is before the court would seem to have been passed upon in *Matter of Hogg* v. *Parker* (*supra*). The only distinction would be that the *Hogg* case involved an adjournment by the Justice on the date that the accused was arraigned. This adjournment was over the objection of the accused who desired to go to trial. The Special Term granted the writ of prohibition. On appeal the Special Term was

reversed (20 A D 2d 611) and the reversal was affirmed in the Court of Appeals (14 N Y 2d 728). (See, also, *Matter of Lampman* v. *Rickman*, 41 Misc 2d 711; *People* v. *Kane*, 40 Misc 2d 826, 830.)

The petitioner urges that the case of *Matter of Abbott* v. *Rose* (40 Misc 2d 64) authorizes the relief requested. This case, however, involved the failure of the Justice to appear upon the return date specified in the uniform traffic ticket issued to the defendant. The court held that there was no court and consequently no jurisdiction. The writ of prohibition was granted. That case is distinguishable from the present case by reason of the fact that in the instant case, the Justice had obtained jurisdiction of the petitioner.