Richard J. Cardamone, J.
Petitioner has made an application for an order pursuant to article 78 of the CPLR to prevent the Hon. James Comstock, Justice of the Peace of the Town of Westmoreland, Oneida County, New York, from continuing to assume jurisdiction of a proceeding pending before him with respect to the petitioner.
Petitioner is a resident of Onondaga County, New York, and was arrested for speeding on the New York State Thruway on January 21, 1965. He was issued a Uniform Traffic Ticket charging him with a violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law of the State of New York. He was arraigned before Justice of the Peace Comstock on that same day at 1:15 p.m. At that time the petitioner advised the Justice of the Peace that he was on his way home and demanded an immediate trial. The Justice of the Peace denied this request and adjourned the matter until Friday, February 5,1965.
These facts are not disputed.
Petitioner alleges that the adjournment was set for February 5, 1965, at 1:15 p.m. and that he appeared in the Town of *379 Westmoreland, Oneida County, at the Justice of the Peace’s home and found that the Justice was not there. Petitioner alleges that he was advised by Justice Comstock’s wife that the Justiee would not be available until 7:30 p.m. that evening. On these facts, petitioner contends that the Justice of the Peace has deprived himself of jurisdiction of this matter by his failure to appear and convene his court at the time and place mentioned. He asks this court to grant him an order pursuant to article 78 of the CPLR directing the Justice of the Peace to cease to continue any jurisdiction over these proceedings.
Justice of the Peace Comstock has furnished an affidavit in opposition to this application in which he states that the motion for an immediate trial “ was denied by Deponent for the reason that the Assistant District Attorney handling matters in his Court was not available at that time ”. The Justice of the Peace states, further, in his affidavit that the proceeding had been adjourned until 7:00 p.m. on February 5, 1965 and that the said adjournment had been noted in his docket book which he has attached as a part of his affidavit. An examination of the docket book reveals under the heading “ Adjournments: 1-31-65... 1965, to 2-5... 7 p.m. 1965 ” and down at the bottom of the page of the docket it is stated: ‘1 1-31.. 1965. Defendant deposited cash bail in the amount of twenty-five dollars to appear for trial on 2 — 5-65.. .19. .p.m. 7”. Justice Comstock admits that the petitioner did appear at his home at approximately 1:15 p.m. on February 5, 1965 and was advised that the Justice would not be available until that evening. He states that he “ also understands that petitioner, Robert M. Weichert at that time reviewed deponent’s docket entries and ascertained that the 7:00 o’clock time was duly entered in two places”. As a result of this, Justice Comstock sent a letter to the petitioner, dated February 11, 1965, which states: “ Due to a misunderstanding on your part, you appeared at this Court on Feb. 5, 1965 at 1:15 p.m. The appearance however, was scheduled for 7 p.m. Feb. 5,1965. For a date of disposition concerning this matter, contact the assistant District Attorney, Davies Johnson, at Oneida County Court House, Utica, New York ”.
This case apparently arose as a result of a misunderstanding as to the adjourned time set by the Justice for petitioner’s trial on a speeding charge. It does appear without contradiction that the petitioner appeared at the Justice of the Peace’s home at 1:15 p.m. on February 5,1965. It seems clear from the papers before this court, however, that the misunderstanding was on the petitioner’s part since the Justice’s records made at the time of arraignment, in writing, indicate in two separate places *380 that the time set for the trial was 7:00 p.m. As a matter of common custom, these matters are generally set during the evening hours when appearance is less inconvenient for those who have been charged with traffic violations.
The petitioner is not raising any question as to the Justice of the Peace’s power to adjourn pursuant to the provisions of section 702-a of the Code of Criminal Procedure which provides: “ 1. Where an issue has been adjourned for trial, either with or without a jury, and the magistrate is unable to appear owing to illness or other unavoidable cause, the trial may be further adjourned by said magistrate.” The Justice having jurisdiction of the defendant and of the offense has power to adjourn the case. (Matter of Hogg v. Parker, 20 A D 2d 611, affd. 14 N Y 2d 728.)
Matter of Hogg is very similar to the instant case. There a State Trooper brought the petitioner before a Justice of the Peace on the afternoon of October 26, 1962. Petitioner demanded an immediate trial, which was denied, and the matter was adjourned over the petitioner’s objections (here there was no objection) on the basis that it would be a great inconvenience to the petitioner to present himself again before the Justice of the Peace because of the travel distance. The Justice of the Peace informed the petitioner that an immediate trial was impossible because he needed to have the Assistant District Attorney appear and that it was his practice to notify the District Attorney by mail in order that the District Attorney could prepare for trial. The date of November 17, 1962, was set for trial. An article 78 proceeding was thereupon instituted by the petitioner and Special Term, on these facts, granted an order prohibiting the Justice of the Peace from proceeding to exercise any further jurisdiction over the petitioner. (38 Misc 2d 41.) On appeal, this was unanimously reversed on the law and the petition dismissed (20 A D 2d 611). The Court of Appeals affirmed.
People v. Wagner (15 N Y 2d 799) is distinguishable from the instant case. There the petitioner was arrested on July 31,1963, and notified to appear before the Justice of the Peace on August 5, 1963. When the petitioner appeared on the adjourned date, with counsel, and stated he was ready for trial the Justice of the Peace adjourned the matter until August 29, 1963, until he ‘ ‘ had a chance to talk with the District Attorney ’ ’. On August 29 the case was adjourned until September 18,1963. The record was silent as to any reason shown or known to the Magistrate for this further adjournment. The Court of Appeals held in affirming the dismissal that, ‘1 This dismissal for failure to *381 prosecute was, on the particular facts, valid as an exercise of discretion ’ ’.
Matter of Hogg is controlling here. What the law condemns is the denial of a speedy trial (see Fuld, J., dissenting, in People v. Alfonso, 6 N Y 2d 225, 230; People v. Wagner, 15 N Y 2d 799, supra; People v. Prosser, 309 N. Y. 353, 356-357). In People v. Wagner, the adjournments amounted to a denial of a speedy trial. In this case there was no delay of the petitioner’s right to a speedy trial guaranteed him under amendment VI of the United States Constitution and of subdivision 1 of section 8 of the Code of Criminal Procedure.
Accordingly, petitioner’s application is denied, without costs.