In the Matter of MARTHA WOOLEVER, Respondent, v. CLYDE BECKLEY, as Justice of the Peace of the Town of Otego, Appellant.— *Per Curiam*. Appeal from an order of the Supreme Court in the nature of prohibition which restrained appellant, a Justice of the Peace, from proceeding further in the prosecution of petitioner for an alleged violation of section 1126 of the Vehicle and Traffic Law; the relief thus awarded being grounded on the conclusion that petitioner was deprived of her right to a speedy trial (Code Crim. Pro., § 8, subd. 1), the factual findings being that: " On the return day of the ticket defendant appeared with an attorney. The Justice called the Troopers and upon being informed that the arresting officer was unavailable, adjourned the case for two months and two days, saying merely that the Trooper was very busy and had other commitments, and that this was the first date that he could get him for trial in this matter." However unreasonable the Justice's action be considered, he had " jurisdiction of the defendant and of the offense and consequently had power to adjourn the case." (*Matter of Hogg* v. *Parker*, 20 A D 2d 611, affd. 14 N Y 2d 728.) Petitioner, having mistaken her remedy, cannot succeed in this article 78 proceeding. Order reversed, on the law and the facts, and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

In the Matter of MARTHA C. SOMERS, Respondent, v. RANDOLPH J. SOMERS, Appellant.— The Family Court was without jurisdiction. (See Family Ct. Act, § 464, subds. [a], [b].) Order reversed, on the law, and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.