Richard J. Cardamone, J.
This is a motion pursuant to article 78 of the CPLR in the nature of prohibition to restrain a Justice of the Peace from assuming jurisdiction in the matter of the petitioner, Klaus Friebe.
On March 18, 1967 at about 4:00 a.m. there was a disturbance in the Mister Donut Shop in the Town of Camillus, Onondaga County, New York. As a result, two State Troopers and an Onondaga County Deputy Sheriff arrived at the scene. Several people, including the petitioner, were arrested. The Justice of the Peace located nearest to the Mister Donut Shop was Charles Welch. In an affidavit submitted by the petitioner, Justice of the Peace Welch states that he was at home and “ ready, will *286 ing and able to sit as Justice of the Peace for the Town of Oamillus and. convene Court of Special Sessions He further states in an affidavit that he was never contacted by any police officer concerning this matter. The dispatcher of the Onondaga County Sheriff’s Department in an answering affidavit states that after receiving a call from the Deputy Sheriff in the Donut Shop informing him of the arrests .that had been effected in the Town of Camillus, he was requested to contact a Justice of the Peace in the Town of Camillus so that the individuals taken into custody might be arraigned. He states he attempted to call Justice of the Peace Welch (presumably after 4:00 a.m.) but received no answer to the telephone call although the phone continued to ring for two or three minutes; he also attempted to call Justice of the Peace Van Alstine, also of the Town of Camillus, with the same result. He then called Justice of the Peace Charles Close in the adjoining township of Geddes, who was the next nearest Magistrate. Judge Close used profanity over the telephone and the dispatcher thereafter advised the Deputy to take the defendants to Judge Close’s home in the Town of Geddes.
The petitioner has attached to his moving papers an affidavit from Judge Close in which he states that he ‘ ‘ never refused to take jurisdiction over the defendant or to sit as a Court of Special Sessions * * * but the arresting officers failed, neglected and refused to explain why the defendant was being brought before your deponent rather than * * * a nearer available Magistrate in the Town of Camillus and * * * refused to lay the information.” The answering affidavits by the Deputy Sheriff and the two State Troopers who participated in these arrests uniformly state that Justice of the Peace Close was abusive, used profane language and complained that he did not know why the troopers were bringing cases to him when they had never done so before and that he was overheard saying that “ since the matter did not occur in his township he did not feel he should handle the case.” There appears to be no dispute as to the fact that Judge Close refused to take jurisdiction and no information was laid before him, nor were any of 'the individuals arraigned in Judge Close’s court. Subsequent to that, another call was made to the dispatcher asking if another Judge might be available to handle these arrests and the dispatcher contacted Judge James Jerome in the Town of Geddes, who indicated he would be willing to accept 'an arraignment at that time. It was then about 4:40 a.m. The defendants, including the petitioner, were .thereupon brought before Judge Jerome, an information was laid charging the *287 petitioner with public intoxication (Penal Law, § 1221) and disorderly conduct (Penal Law, § 722, subd. 1) and he was arraigned on both of these counts.
The charges are still pending against the petitioner before the respondent, Judge Jerome, and the trial on these charges has been stayed by this court (Aronson, J.) pending the outcome of this proceeding. I:t is the petitioner’s contention that Justice of the Peace Jerome had no jurisdiction since he was not the nearest, available Magistrate with reference to the place of the petitioner’s arrest in the Mister Donut Shop in the Town of Camillus and that, therefore, all proceedings previously had before Judge Jerome are null and void.
While the courts in similar circumstances have entertained an article 78 proceeding in the nature of a prohibition to restrain a Justice of the Peace from continuing to assume jurisdiction (Matter of Abbott v. Rose, 40 Misc 2d 64) and the remedy of prohibition is an appropriate one of dinar ly employed to restrain a subordinate tribunal from entertaining a proceeding over Avhich it has no jurisdiction (Matter of Hogan v. Culkin, 18 N Y 2d 330, 336; Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 8), nevertheless, its issuance is not favored and it should only be used in the exercise of sound judicial discretion when there is no other remedy. (Matter of Bradford v. Helman, 24 A D 2d 937.) Ordinarily, its use should be confined to situations where the inferior tribunal is truly lacking in jurisdiction or where the failure to issue a writ Avould leave the petitioner without a legal remedy. (Matter of Marra v. County Ct. of County of Genesee, 17 A D 2d 902.) It is the petitioner’s contention that Justice of the Peace Jerome of the Toavu of Q-eddes was totally lacking in jurisdiction on two grounds; (1) he was not the nearest available Magistrate and (2) Justice of the Peace Close had assumed jurisdiction Avhich had not been transferred and which, therefore, still continues. It is on .this record that petitioner asks for the writ of prohibition to issue.
Section 164 of the Code of Criminal Procedure provides, in those cases where a defendant is arrested without a warrant for a misdemeanor, ‘1 he must be taken immediately before an available magistrate of a town in the county in Avhich the offense charged is alleged to have been committed aaJio is the nearest or most accessible with reference to the place where said arrest is made.” Petitioner contends that this language means that he should have been taken to the nearest Magistrate in the toAvnship in which the arrest was made, which in this case would have been a Justice of the Peace in the Town of *288 Camillas. Unquestionably, such was formerly the construction placed upon ¡section 164 of the Code of Criminal Procedure. (McCarg v. Burr, 186 N. Y. 467.) However, the Legislature amended section 164 in 1954 (L. 1954, ch. 763, § 2). It formerly read (L. 1893, ch. 458, § 1), “ before a magistrate of the town in which the offense was committed ”, instead of the present language which states, ‘1 before an available magistrate of a town in the county in which the offense was committed”. A .similar change was made with regard to the nearest or most accessible Magistrate. Such clearly evidenced the intention of the Legislature to broaden the jurisdiction of the Justice of the Peace in this regard to avoid narrow, technical arguments as to where defendants should be taken for arraignment. The nearest available Magistrate means the nearest Magistrate ready, willing and able to act as .such and to convene his Court of Special Sessions for the purposes of having the information placed before him and arraigning the defendant. The statute cannot have read in to it a narrow construction when it manifestly is intended not to limit the arresting officers to the township in which the offense was committed, so that jurisdiction could not lie in any other Justice of the Peace. Indeed, just the contrary was intended and the language of the .statute spells it ont by saying in ” any town of the county ”. Nearest available Magistrate also does not imply that the arresting officers must physically transport the defendant to the Magistrate’s house. In these busy days with two-way radios and telephone communications readily available if a check of the Magistrate’s home reveals that he is unavailable or not willing to act for one reason or another (particularly as here, at 4:00 a.m.) the arresting officials clearly have the right to proceed to any nearby, available Justice of the Peace who is ready, willing and able to act. The police officers must not be compelled to physically transport the defendants from Justice of the Peace to Justice of the Peace until they find one who is able to act but may, instead, ascertain that fact by the use of telephone communications. So much for the first ground raised by the petitioner.
The second ground relates to the assumption of jurisdiction by Justice of the Peace Close. Where a Justice of the Peace establishes and convenes his court and jurisdiction has once been assumed, it may not thereafter be lost and any action taken in a subsequent Court of Special Sessions is a nullity. (Matter of Hogg v. Parker, 20 A D 2d 611, affd. 14 N Y 2d 728; Matter of Weichert v. Comstock, 47 Misc 2d 378; People v. Robinson, 5 Misc 2d 176, 179.) However, here the record is clear that Judge Close never organized his court, no information was laid *289 before him, he did not arraign or accept or entertain a plea. Under these circumstances he cannot be said to have assumed jurisdiction over the defendant. Thus, the proceedings taken before Judge Jerome were proper, he was the nearest available Magistrate, he acquired jurisdiction over the defendant and may proceed to exercise the same. (People v. Schur, 14 Misc 2d 944.)
Accordingly, the application for a writ of prohibition will he denied.