■ In the Matter of DENIS DILLON, as District Attorney of Nassau County, Petitioner, v COUNTY COURT OF NASSAU COUNTY et al., Respondents. —Proceeding pursuant to CPLR article 78, by the District Attorney of Nassau County, *inter alia,* to prohibit the County Court of Nassau County from enforcing its determination deferring prosecution, for at least one year, in the pending cases of *People v Jerry A. Fusco* (Indictment No. 42657/75) and *People v Michael Fusco* (Indictment No. 42656/75). The Fuscos move to be added as parties respondent. Motion granted, the Fuscos are added as respondents, and the proceeding is dismissed, without costs or disbursements. Jerry A. Fusco was indicted for assault in the second degree, criminal possession of a controlled substance in the sixth degree and perjury in the first degree. Michael Fusco was indicted for perjury in the first degree. Each of the defendants moved for deferral of prosecution of his indictment and for placement in the "Operation Midway" program during the period of deferred prosecution. Their applications were granted by the County Court on September 24, 1975. The District Attorney then moved to restore the cases to the calendar so that they might be moved for trial. That motion was denied on December 30, 1975. This proceeding to prohibit the deferral of the said prosecutions followed. "Operation Midway" is a project designed to permit a defendant qualified under the standards thereof to participate in a rehabilitative program for a period between 12 to 18 months; during that time the prosecution of the defendant is deferred (see, generally, *People v Fusco,* 85 Misc 2d 147). At the end of the period, a defendant satisfactorily completing the program is returned to the County Court where the ultimate disposition of the indictment is made. That disposition may take the form of a reduced charge or dismissal of the charge. In either form, the disposition results from a motion of the District Attorney or from his express consent in open court. Both the District Attorney and the County Court agree that "Operation Midway", existing since 1972 in Nassau County, has worthy objectives and has performed well in achieving those objectives. Indeed, the District Attorney urges the continuation of the project. Nevertheless, by this proceeding, he challenges the power of the County Court unilaterally to determine that a specific defendant shall be placed in the program and that the trial of the indictment shall be deferred, without the concurrence of the District Attorney. Essentially, he argues that the County Court lacks authority to adjourn a criminal case for over a year, in the face of an objection by the prosecutor. The remedy of prohibition in criminal cases has a distinctly limited application (see, e.g., *La Rocca v Lane,* 37 NY2d 575, 578–581, cert den 424 US 968; *Matter of State of New York v King,* 36 NY2d 59, 62–63; cf. *Matter of Dondi v Jones,* 40 NY2d 8). As was said in *Matter of State of New York v King (supra,* p 63): "The right of review by appeal in criminal matters, except in capital cases, is determined exclusively by statute *(People v. Zerillo,* 200 N. Y. 443,

446). This has always been so and the underlying policy is to limit appellate proliferation in criminal matters, sometimes to the seeming detriment of the defendant and sometimes to the detriment of the People." Whatever may be said of the wisdom of the County Court's action in adjourning the two Fusco trials, it is undeniable that the action taken was not in excess of its jurisdiction (see *Matter of Hogg v Parker,* 20 AD2d 611, affd 14 NY2d 728; *Matter of Woolever v Beckley,* 25 AD2d 921). An adjournment of a trial lies wholly within the reasonable exercise of the discretion of the court. Prohibition, accordingly, does not lie to review the exercise of the court's discretion. However, we are obliged to speak a word of caution. As praiseworthy as the objectives of "Operation Midway" are, the procedure in implementing the project must accord with the law. Since no specific statutory provisions authorize the project, the court, prosecutor and the defendant are governed by the general statutory provisions of law. True it is that the control of the trial calendar is ideally vested in the court *(Matter of McDonald v Goldstein,* 191 Misc 863, affd 273 App Div 649, 651; ABA Standards, Administration of Criminal Justice, The Prosecutor Function, § 5.1; ABA Standards, Administration of Criminal Justice, the Function of the Trial Judge, § 3.8). Though in most instances it is in the defendant's interest that a speedy trial be granted (cf. ABA Standards, Administration of Criminal Justice, Speedy Trial, § 1.2), it is, nonetheless, also true that the public interest is served by a speedy trial (ABA Standards, Administration of Criminal Justice, Speedy Trial, § 1.3). In the present case, it is clear that the ultimate disposition of the Fusco indictments in accordance with the project—either by a plea to a reduced charge or by dismissal—cannot be made without the consent of the District Attorney. For that reason, we disapprove of the practice of adjourning a trial of an indictment for such a long period of time as occurred here, in the face of an objection by the District Attorney. The program of "Operation Midway", to be successful, must be actively supported by all parties concerned. A defendant should not be granted the benefits afforded by the program, unless the court, the District Attorney and the defendant all agree. Hence, the petition and the proceeding are dismissed, without costs or disbursements. We express no view concerning the constitutional or statutory validity of the project, since no such claim is raised by this proceeding. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Margett, JJ., concur.