■ In the Matter of MARC TURKFELD, Petitioner, v HENDERSON W. MORRISON, as Chief Judge of Nassau County Court, on Behalf of Himself and All Other Judges of Nassau County Court, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the County Court Judges and the District Attorney of Nassau County from enforcing the rules and regulations governing the "Operation Midway" program insofar as they limit the application of the program to defendants who are residents of Nassau County. Proceeding dismissed, without costs or disbursements. The objectives and structure of the program are described in *Matter of Dillon v County Ct. of Nassau County* (53 AD2d 851). In short, the petitioner, indicted for forgery in the second degree, and a resident of Queens County, contends that the rules and regulations of the "Operation Midway" program, confining eligibility for participation therein to residents of Nassau County, are unconstitutional in that they violate the equal protection clause. His argument is based on the thesis that the program cannot validly discriminate between residents of counties within the State. We do not find any compelling reason to entertain this proceeding which, in effect, seeks to review the action of the respondents in denying the petitioner the opportu-

nity to participate in the program. As was stated in *Matter of Dillon v County Ct. of Nassau County, (supra),* and following the cases cited therein *(La Rocca v Lane,* 37 NY2d 575, 578–581, cert den 424 US 968; *Matter of State of New York v King,* 36 NY2d 59, 62–63), discretionary rulings affecting a defendant in the course of a criminal case should not be the subject of article 78 proceedings. Questions of the constitutionality of the procedure should await the outcome of the charges and be reviewed, as in other cases, by appeal. If, indeed, the petitioner's rights have been violated, appropriate relief can be granted on appeal (cf. *People v Bennet,* 39 AD2d 320). Though we express no opinion as to the constitutionality of the program at this time, it should be drawn to the attention of the respondents that discriminatory enforcement of the law administratively may be enjoined *(Yick Wo v Hopkins,* 118 US 356; see cases and materials cited in *People v Bennet, supra,* pp 325–326). Hopkins, Acting P. J., Martuscello, Margett, Damiani and Hawkins, JJ., concur.